## JOHN D. EARHART *v.* THE STATE.

1. CONSTRUCTION. *Legislative intent.   Clerical mistake.*

    Where the literal reading of an act striking certain words out of a section of the code renders the code provision senseless, and it is evident that it was not intended to nullify the law, and that a clerical error was made in expunging too many words, a view being maintainable giving effect to the act and the section as amended, by striking out only a part of the words, it will be assumed, in order to carry out the manifest purpose of the legislature, that such error was made, and the act will be construed accordingly.

2. SAME.   *Code* 1880, § 2958 : *act of March* 9, 1888.   *Concealed weapons.*

    In striking out of § 2958, code 1880, the clause, "or having good and sufficient reason to apprehend an attack" (Acts 1888, p. 89), it is manifest that the legislature made a clerical mistake as to the words "*an attack,*" and did not intend to embrace them in the act, as otherwise the section is left without any meaning.   Therefore said section as amended is to be read without excluding these words.

FROM the circuit court of Adams county.

HON. RALPH NORTH, Judge.

On April 19, 1889, appellant was indicted for carrying concealed a pistol in February, 1889, and he was tried and convicted.   On the trial he admitted that he carried the pistol, but claimed that he was justified in so doing.   With this admission, the state closed. Thereupon the defendant introduced one David McClure, who testified that in the latter part of January he had a conversation with one William Tuttle, who was angry, and who stated that the defendant, Earhart, "was a sneak, and that he, Tuttle, would get him yet;" that he, witness, on the same day informed the defendant of what Tuttle had said.   Counsel for defendant then asked the witness what else Tuttle said to him about defendant on that occasion. Objection being made, the court refused to allow this question to be answered.   Witness was then asked if he had not told Earhart to arm himself, because Tuttle was very angry with him, and he answered yes ; but this was excluded by the court.   Counsel for defendant then asked witness whether or not, from his knowledge of Tuttle's character, he, Tuttle, would carry out any threat he

might make. To this question the court sustained an objection. This was all the evidence. Defendant excepted to the action of the court in excluding his testimony.

The following instruction was given to the jury at the instance of the state : " The court instructs the jury that words testified to by the witness in justification of carrying the pistol are not sufficient to authorize the defendant in carrying a pistol, and they will find the defendant guilty as charged."

A motion for a new trial was overruled and defendant apppealed.

*Claude Pintard* and *Frank K. Winchester*, for appellant.

1. If appellant honestly believed that his life was in danger or that he was in danger of great bodily harm from the prosecutor, Tuttle, he was justified in the act complained of. This being true, he had the right to prove the threats made and all that Tuttle said.

2. The court erred in the interpretation of § 2985 of the code, as amended by the act of 1888. This court will not attribute to the legislature a frivolous intention in the effort to amend the code. We protest against the unreasonable and jocular construction placed upon the amendment by the learned judge of the circuit court.

3. In any view of the statute, the charge is erroneous, as it is an instruction on the weight of the evidence. In effect, the court told the jury that what McClure testified to was no threat. This should have been left to the jury.

*T. M. Miller*, attorney-general, for the state.

The· manifest purpose of the act of 1888 was to take away the common defense, that the accused apprehended an attack. The object was to compel one, though threatened with attack, to carry his weapon exposed, if he meant to rely upon this defense. According to the rules of grammar, however absurd it may appear, the words " threatened with" in the section as amended, relate only to *travelling*. What technical significance that may have had in the minds of the legislature we do not know. Certain it is that the act of 1888 negatives the idea of a threatened attack requiring the use of a deadly weapon. If this view is not correct, possibly it was error to rule out the defense set up by appellant. But I protest

that it would not be a fair or reasonable construction of the statute as amended to allow this defense.

CAMPBELL, J., delivered the opinion of the court.

We must hold, either that the legislature, in amending § 2985 of the code by an act approved March 9, 1888, nullified the section by making it senseless and uncertain, so as to be unenforceable, or that it committed a clerical mistake in striking out two words more than was intended, viz : the words "*an attack.*" The latter is the more probable, and to read the section as amended, retaining those two words, will accomplish what was manifestly the legislative purpose, and leave the law in force. We, therefore, adopt that view, and under it the section as amended will be read, "any person, not being threatened with an attack, . . . . who carries concealed, etc." It is true that an attack may be threatened by both persons and things, but no one could fail to understand that the attack against which one may arm himself and carry a weapon concealed is one by a person, in contemplation of the statute. The appellant should have been permitted to prove all that Tuttle had said indicating a threatened attack on him, and it should have been left to the jury to say whether or not he was threatened with an attack.

*Reversed and remanded.*