TOWN OF CARROLLTON *v.* TOWN OF NORTH CARROLLTON.

[68 South. 483.]

SCHOOLS AND SCHOOL DISTRICTS. *Detachment of territory. Statutes.*
Where a municipality of over three hundred inhabitants, by its mayor and board of aldermen, was declared to be a separate school district, acting under section 4011, Code 1892, and afterwards at the same meeting, upon a petition of a majority of the freeholders, a territory comprising the plaintiff municipality was added to such school district, the subsequent action of the mayor

and board of aldermen of plaintiff in declaring such municipality to be a separate school district apart from the original district was invalid, since separate school districts, being solely creatures of statute, can be erected, increased, or diminished only as provided by statute, while the only statute which confers power to eliminate territory from a separate school district is Laws 1912, chapter 129, which provides that the board of aldermen of any municipality constituting a separate school district may release therefrom any part of the added territory outside the corporate limits, on the petition of a majority of the resident freeholders of the territory to be released, Code 1906, section 4530, as amended by Laws 1914, chapter 193, providing only for the creation of new districts, and not for the withdrawal of territory from an old district in order to create a new district.

APPEAL from the chancery court of Carroll county. HON. A. Y. WOODWARD, Chancellor.

Suit by town of North Carrollton and others against the town of Carrollton. From a decree refusing to dissolve a temporary injunction and making the injunction perpetual, defendant appeals.

This case was tried in the chancery court in and for the First district of Carroll county, Miss., on bill of appellee for an injunction restraining appellant from issuing the bonds of the Carrollton separate school district, the answer of appellant to said bill, exceptions to said answer, motion of appellant to dissolve said injunction, agreed facts and map of the Carrollton separate school district. The facts set forth in said pleadings and agreement are as follows, to wit: That the town of Carrollton, being a municipality of over three hundred inhabitants, by its mayor and board of aldermen, was declared to be a separate school district, on April 1, 1902, said mayor and board of aldermen acting under section 4011, Code 1892, and afterwards at the same meeting, upon a petition of a majority of the freeholders of certain territory adjacent to said municipality, said board added to said separate school district certain other territory, in which territory the inhabitants of the village of North Carrollton, as it then

existed, were included, also territory lying beyond and west of the said village of North Carrollton, and that, afterwards on a like petition of a majority of the free-holders, certain other territory was duly added to said Carrollton separate school district, which said territory was adjacent to said school district by being adjacent to the northern boundary of the said village of North Carrollton, the said village of North Carrollton being directly between said added territory and the town of Carrollton, also adjacent territory, lying south, south-west, and southeast of said district, was added; that when the aforesaid action of. the mayor and board of aldermen of the town of Carrollton was taken, the village of North Carrollton was then a municipality of less than three hundred inhabitants, and therefore without authority, under the law, to organize itself into a separate school district. The record further shows that from the said 1st day of April, 1902, until the 19th day of May, 1914, the Carrollton separate school district was duly recognized by the said village of North Carrollton, its freeholders and inhabitants, and they continued in this district during those years in perfect harmony; that on the 19th day of May, 1914, the school building of said separate school district was destroyed by fire; that on the 26th day of May, 1914, the mayor and board of aldermen of the town of Carrollton, acting as the governing board of said separate school district under chapter 101, Laws of 1908, and chapter 246, Laws of 1912, declared its intention and purpose to issue the bonds of the Carrollton separate school district in the sum of twelve thousand dollars, or so much thereof as might be necessary, for the purpose of providing a school building for the white children of the Carrollton separate school district; that afterwards, on the 2d day of June, 1914, the mayor and board of aldermen of the town of North Carrollton declared the municipality of North Carrollton to be a separate school district, which

said municipality divides the previously formed Carrollton separate school district into two parts; that afterwards, to wit, on the 30th day of June, 1914, the town of North Carrollton, Jim Dean, and W. H. Neill, two taxpayers of said town of North Carrollton, as it now exists, filed a bill against the town of Carrollton, and secured a temporary injunction, restraining the town of Carrollton from issuing said bonds, and praying that upon a final hearing said temporary injunction be made perpetual. The town of Carrollton answered said bill, setting forth the facts above stated, denying the right of the town of North Carrollton and the taxpayers therein to institute the proceedings, denying the right of the town of North Carrollton to change, alter, or destroy the Carrollton separate school district, and denying the liability of the town of Carrollton to suit for the acts of the officers of the separate school district; and thereupon it made its motion to dissolve said injunction, which motion was denied by the court, the prayer of said bill granted, and the injunction made perpetual, from which decree of the court appellant prosecutes this appeal.

*Hughston & McEachern,* for appellant.

Separate school districts are public corporations created by law for particular and specific purposes, endowed with perpetual succession, invested with plenary power to carry out those purposes and are subject to all the rules which govern other corporations. 35 Cyc. pages 831 and 832. *Carmicael* v. *Trustee,* 3 Howard, 84; *Connell* v. *Woodward,* 5 Howard, 665; *Littlewort* v. *Davis et al.,* 50 Miss. 408.

Separate school districts are distinct corporations from the city or town although their territorial limits may be the same. The two are created for separate and distinct purposes with separate and distinct powers that

do not conflict and neither is subordinate to the other. 35 Cyc. pages 832 and 833.

As a corporation, a school district may sue and be sued and the suit for or against a municipality whose territorial limits are within a separate school district is not a suit for or against the school district and no suit can be maintained by or against a municipality when the subject-matter belongs exclusively to the school district.

The power to organize, establish or lay off new school districts or to divide, change the boundaries or otherwise alter existing districts is primarily vested in the legislature. 35 Cyc. page 833. But these powers may be delegated by the legislature to subordinate agents or officers and cannot be exercised by any other than those to whom they are delegated. 35 Cyc. pages 834, 857 and 858.

In 1902, when the Carrollton separate school district was organized and additional territory added thereto such power had been delegated by the legislature of Mississippi to the mayor and board of aldermen of any municipality of three hundred inhabitants or more and to no other agency. Section 4011, Code 1892.

At that time (1902) the village of North Carrollton, being a corporation of less than three hundred inhabitants, could not have been organized into a separate school district by an ordinance of its mayor and board of aldermen declaring it to be a separate school district; but, being adjacent to the town of Carrollton, it could have been added to the Carrollton separate school district by observing the conditions precedent to such addition, which was then and there done upon a petition of a majority of the resident freeholders thereof. Section 4013, Code 1892.

The power to divide or contract the limits of a separate school district was never delegated by the legislature until 1912, when it was provided that the board of

aldermen of any municipality in this state constituting a separate school district may release from such district any part of the added territory lying outside of the corporate limits on petition of a majority of the resident freeholders of the territory proposed to be released. Chapter 129, Laws 1912.

Added territory once incorporated in a separate school district cannot be withdrawn from such district except upon a petition of a majority of the resident freeholders of the territory proposed to be withdrawn and the consent of the board of aldermen of the municipality constituting the separate school district. Chapter 129, Laws 1912; *Wallace* v. *Tucker,* 104 Miss. 83.

Territory once incorporated into a separate school district cannot be incorporated into another district until it has been released as provided for by law. 35 Cyc. pages 857 and 858; 34 Vermont, 156; *State* v. *Hulin,* 2 Oregon, 306.

The ordinance of the mayor and board of aldermen of the town of North Carrollton declaring said municipality to be a separate school district did not have the effect of releasing that portion of the territory of said municipality before that time incorporated into the Carrollton separate school district from the said Carrollton separate school district, nor did it oust or in anywise affect the jurisdiction of Carrollton separate school district within its limits. *Lyman Bowman* v. *Lemuel King,* 34 Vermont, 156; 35 Cyc. pages 857 and 959; *State* v. *Hulin,* 2 Oregon, 306.

*T. O. Yewell,* for appellant.

School districts are public corporations created by statute and can be altered, changed or dissolved only in the manner provided by statute. 35 Cyc. 831, 832, 833, 857 & 858; *State* v. *Hulin,* 2 Oreg. 306; *Bowen* v. *King,* 34 Vt. 156; *Jones* v. *Camp,* 34 Vt. 384.

Added territory once incorporated in a separate school district cannot be withdrawn from such district except upon a petition of a majority of the resident freeholders of the territory proposed to be withdrawn and the consent of the board of aldermen of the municipality constituting the separate school district. Chapter 129, Laws 1912; *Wallace* v. *Tucker,* 104 Miss. 83.

The legislature, in the statute of 1912, chapter 129, for the first time provided a way for added territory to be released from a separate school district. The contention of counsel for appellee that chapter 129, Laws 1912, applies only to rural territory is, we think, unsound. The statute would apply to any territory that had been added to a separate school district whether such territory was rural or urban. The territory in the village of North Carrollton was added to the Carrollton separate school district exactly as rural territory. That was the only way it could have been added, and in contemplation of the law as it then existed, section 4013, Code 1892, it was rural and outlying territory adjacent to the Carrollton separate school district.

After the addition of the territory to the Carrollton separate school district, the mayor and board of aldermen of the town of Carrollton, acting for said district, could not by order, ordinance or otherwise release or cut off from the district this added territory without the consent of a majority of the resident freeholders of the territory proposed to be cut off. This is clearly settled in *Wallace* v. *Tucker,* 104 Miss. 83; ch. 129, Laws 1912.

If the balance of the district could not put out of the district the inhabitants of the town of North Carrollton without the consent of those inhabitants, neither can those inhabitants withdraw themselves from the district without the consent of the remainder of the district acting through the board of aldermen; chapter 129, Laws 1912; nor can these inhabitants be taken out of

the district by the action of the mayor and board of aldermen of the town of North Carrollton, because the mayor and board of aldermen of North Carrollton, was not a party to the compact. The compact was formed between the resident freeholders of North Carrollton and the authorities acting for the Carrollton separate school district when this territory was added to the district, in 1902, and that compact can be dissolved only by the mutual consent of the parties to it, as provided by statute.

*Monroe McClurg,* for appellee.

The petition of the individuals living in the territory of North Carrollton had no power to bind that community including the municipality, in an endless compact to stay adjoined to the Carrollton municipal separate school district, not did the mayor and board of aldermen of Carrollton, as such, or as trustees of the separate school district, have power to enter into such compact, nor had they such vested right in the revenues arising from the adjoining territory as to prohibit North Carrollton to organize a separate school district when it became eligible to do so under this statute. Code 1906, section 4530; *Board of Education* v. *Aberdeen,* 56 Miss. 518; *Mebane* v. *Hickory Flat,* 99 Miss. 592, 598.

The Act of 1912, ch. 129, clearly has reference to rural districts; it has no application here. If the contractual relation insisted upon by appellant as to the admission cf the additional territory was of any value, this law would be *ex post facto.*

The ordinances looking to the issuance of the bonds and taxing the territory added, being passed after North Carrollton had exercised the lawful right to organize its own separate school district, were void, and injunction was the proper remedy.

22 Cyc. Pleading & Practice 890, *et seq.*

*S. E. Turner,* for appellee.

A municipality may create a separate school district without reference to any petition of the qualified electors therein, and it is not necessary that in order that a separate school district shall be established by a municipality, that it be shown that the district can maintain a school term of seven months. *Hickory Flat* v. *Mebane,* 99 Miss. ——, 55 So. 359.

Under section 4530, Code 1906, as amended by chapter 193, Acts 1914, any municipality, without reference to population or assessed value of its taxable property, can by ordinance declare itself to be a separate school district, and that without reference to whether it had been a part of any other separate school district. Passing on or rather construing this section as it was at the time, in the case of *State ex rel.* v. *Hamilton,* 69 Miss. 116, 10 So. 57, Justice WOODS, said: "It is not disputed that the municipal authorities of the town of Durant, by appropriate action have elected to constitute that town a separate school district; but it is contended for appellee that a failure to levy a tax by that municipality sufficient in amount to carry on free public schools in the town each year for three months over and above the constitutional school term in the common schools generally, is a thing necessary to be done to constitute a separate school district. The incorporated town of seven hundred and fifty inhabitants or more may be constituted a separate school district at the pleasure of the town authorities. Whenever the town authorities officially elect to accept the priivleges and duties of a separate school district, the work is done. The official declaration of the creation of a separate school district is the one act essential to its constitution. The levy of a tax sufficient to maintain the free public schools in such towns is a duty imposed upon the municipality, whose observance may be compelled in proper cases by appropriate remedies; but the observance

of a duty imposed is not essential to the creation or continued existence of the separate school district. The tax for the maintenance of the free public schools in the separate school district is to be laid and collected only when necessary to maintain such schools. If by any means such schools may be maintained without the levy of a tax, then no duty rests upon the town to make the levy. If a levy is necessary during any year to maintain the school in the separate school district in towns of seven hundred and fifty inhabitants or more, and the town authorities neglect or refuse to make one sufficient to that end, they may be compelled to do so by proper legal proceedings. This view appears clear when sections 42 and 76 of chapter 24, Acts of 1886, are read together.''

Nor is the separation of a town from the remainder of a county in creating a separate school district violative of the uniformity of the system of free public schools required by the constitution. *Bourdeaux* v. *Meridian Land Co.*, 67 Miss. 304, 7 So. 286.

It was never intended by the legislature that chapter 129, Acts 1912, should be applied to municipal territory. If so the legislature would have repealed section 4530, Code 1906, which was the law governing municipal territory at that time and up to the passage of chapter 193, Acts 1914, amending section 4530, Code 1906. Chapter 129, Acts 1912, has reference to rural territory and is the only remedy given such territory by which it may be released from municipal separate school districts, as is shown by a careful reading of same, which is as follows:

Section 1. Be it enacted by the legislature of the state of Mississippi that the board of aldermen of any municipality in this state constituting a separate school district may release from such district any part of the added territory lying outside of the corporate limits on petition of a majority of the resident free-holders of the territory proposed to be released. An order shall

be entered on the minutes of the board of aldermen describing that part of the added territory proposed to be released.

Section 2. That this act take effect and be in force from and after its passage. Approved March 16, 1912.

If this act repealed section 4530, Code 1906, then chapter 193, Acts 1914, repealed chapter 129, Acts 1912. And since the action of the mayor and board of aldermen of North Carrollton, declaring it to be a separate school district was after the passage of chapter 193, Acts 1914, it was certainly legal for them to act under this law. The legislature cannot abolish an act by implication. It must be by an act repealing such act by naming the section, etc.

The law is now and has been all the time, that the mayor and board of aldermen of a municipality by ordinance could declare a municipality to be a separate school district, provided, the municipality could meet the requirements of the several statutes as to population and taxable property as assessed. And section 4530, Code 1906, and as amended by chapter 193, Acts 1914, both reading: "Any municipality, by an ordinance of the mayor and board of aldermen thereof . ı . may be declared a separate school district, etc.," gave the mayor and board of aldermen of the town of North Carrollton power to declare said town to be a separate school district. See compilation of this statute or law as set out in the opinion in *Bourdeaux* v. *Meridian Land Co.*, 67 Miss. 304, above cited.

SMITH, C. J., delivered the opinion of the court.

The statement of this case, set out in the briefs of counsel for appellant, is agreed, by counsel for appellee, to be correct, and will therefore, be set out in full by the reporter.

Separate school districts, being solely creatures of the statute, can be brought into existence, and territory can be added to or taken from them, only in the manner

provided, and by the persons or bodies in whom power so to do is vested by the statute. The only statute which confers power to eliminate territory from a separate school district is chapter 129, Laws 1912, by which a limited power so to do is conferred upon "the board of aldermen of any municipality in this state constituting a separate school district." Section 4530 of the Code of 1906 as amended by chapter 193, Laws 1914, under which appellee claims the power here in question, deals not with the method of eliminating territory from separate school districts, but solely with the method of creating new districts, and it does not necessarily follow that a grant of power to create a district carries with it by implication power to withdraw territory from a district already in existence in order to create a new district. A very persuasive, though of course not conclusive, argument that the legislature did not intend, by section 4530 of the Code, as amended by chapter 193 of the Laws of 1914, to confer power to dismember an existing separate school district is that no provision is made for determining in what proportion, if any, the territory withdrawn from the district shall contribute to the payment of bonds which may have been issued by the district under section 4530 of the Code as amended by chapter 193, Laws 1914.

It follows from the foregoing views that the territory within the corporate limits of the town of North Carrollton, and embraced within the separate school district of the town of Carrollton, has not been eliminated therefrom by reason of the ordinance declaring the town of North Carrollton a separate school district. The decree of the court below will be reversed, and a decree entered here dismissing appellee's bill, and remanding the cause solely for the awarding to appellant the damages, if any, suffered by it from the wrongful suing out of the injunction.

*Reversed and remanded.*