BINGHAM ET AL. *v.* WOODELL ET AL.

[69 South. 678.]

SCHOOLS AND SCHOOL DISTRICTS. *Separate school districts. Powers. Bond issues.*

    Under Code 1906, section 3415, as amended by Laws 1914, chapter 147, giving municipalities absolute power to issue bonds for the purchase of lands for school purposes and construction of school buildings, a municipality which has illegally declared itself to be a separate school district, may nevertheless issue bonds for such purposes, whether or not the schoolhouse, when erected, will be used for a lawful purpose or not.

APPEAL from the chancery court of Carroll county. HON. A. Y. WOODWARD, Chancellor.

Suit by C. G. Bingham and others against W. D. Woodward and others to enjoin an issue of bonds to purchase a school site, and erect a schoolhouse. From a judgment for defendants, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*T. O. Yewell* and *Hughston & McEachern,* for appellant.

*S. D. Neil* and *S. E. Turner,* for appellee.

STEVENS, J., delivered the opinion of the court.

This case is a companion of that of *Town of Carrollton* v. *Town of North Carrollton,* reported in 68 So. 483, and upon suggestion of error in 69 So. 179.

Appellants, taxpayers of the municipality of North Carrollton, filed the bill of complaint in this cause against the mayor and aldermen of the town of North Carrollton, reciting the pendency of the suit of the town of North Carrollton against the town of Carrollton, and amongst other things set forth the following material

109 Miss.—49

averments, to wit: That the mayor and board of alder-
men of the town of North Carrollton had passed an
ordinance June 2, 1914, declaring said municipality to
be a separate school district; that at a continued meet-
ing of the mayor and board of aldermen an order was
passed declaring that said town was no longer part of
the Carrollton separate school district; that the com-
plainants owned property and valuable liens in, and
were taxpayers of, the town of North Carrollton; that
the town of North Carrollton by a proper ordinance had
declared its intention to issue the bonds of the munici-
pality in the sum of ten thousand dollars for the purpose
of purchasing land for a school building and to erect
thereon a school building for the white children of the
pretended North Carrollton separate school district;
that the school building for the Carrollton separate
school district had been destroyed by fire, and that the
mayor and board of aldermen of the town of Carrollton,
acting for the separate school district, had given notice
of intention to issue the bonds of said separate school
district in the sum of twelve thousand dollars for the
purpose of erecting a school building for the white chil-
dren of said separate school district; that they had is-
sued said bonds, but before the same could be sold the
town of North Carrollton, joined by other parties resi-
dent in said town, had presented their bill of complaint
in the chancery court of Carroll county praying for
an injunction against the sale of said bonds, and had
obtained a writ of injunction as prayed for; and that
said injunction suit had been answered and was now a
pending cause. Complainants further averred that, if
both issues of bonds should be sold, an irreparable dam-
age and injury would be done complainants, because
they would be required to pay taxes for two separate
school districts within the same territory and upon the
same property; that they had attempted to get up a
petition of the adult taxpayers of North Carrollton

protesting against the issuance of bonds by the latter town, but failed to obtain the names of twenty per cent., as required by law; and that complainants were without an adequate remedy at law to prevent the issuance of the ten thousand dollar issue of bonds. The prayer of the bill is that a temporary injunction be granted restraining the issuance of the bonds of the town of North Carrollton until the suit of the town of North Carrollton et al. against the town of Carrollton should be fully adjudicated and finally determined; that this cause should be heard at once and at the same time as the suit then pending; and that in the event an injunction theretofore obtained against the town of Carrollton should be dissolved then the injunction in this case should be made perpetual.

Certified copies of the ordinances both of the town of old Carrollton and the town of North Carrollton in reference to the two separate school districts and the ordinances of the town of North Carrollton proposing the ten thousand dollar bond issue were duly exhibited as a part of the bill. The temporary injunction as prayed for was granted, and thereafter a demurrer was interposed by the defendants submitting, among other grounds, the following:

"(1) Because the bill of complaint shows no cause of action against these defendants or either of them.

"(2) Because there is no equity upon the face of the bill. . . .

"(6) Because the fact that the municipality of Carrollton or the separate school district of Carrollton restricted to its corporate limits may see proper to issue bonds in aid of free public school purposes under the law is no reason why the municipality of North Carrollton may not issue its bonds as a distinct municipality or as a free public school district under the law."

The ordinance of the town of North Carrollton declaring its intention to issue bonds recites:

"That said town is in need of a school within its limits both for its white and colored children;" that "said town . . . did on the 2d day of June, 1914, by an ordinance duly and legally passed according to law, declare the town of North Carrollton to be a separate school district"; that "it is therefore necessary that a lot of lands be purchased and that suitable school buildings be erected in which the public free schools for both races may be taught"; that said town was authorized under section 3343 of the Code of 1906 (chapter 147 of the Laws of 1914) to have school buildings erected and equipped with furniture; that there is no money in the treasury to purchase the necessary lands or to erect the buildings, and that the board "proposes to issue the bonds of the town of North Carrollton in the sum of ten thousand dollars or so much thereof as may be necessary for the purpose of raising funds to buy lots or lands and to erect and equip school buildings in which the white children of North Carrollton separate school district may be taught. The said board to otherwise provide for land and school buildings or school for the colored children of said municipality."

The order further recited that the board at its next regular meeting would proceed to issue the said bonds and provided that notice be given the taxpayers of this proposal.

The power of the municipality to erect, purchase, or rent a schoolhouse is expressly conferred by section 3343 of the Code of 1906. Counsel for both sides concede that in the issuance of the bonds of the municipality of North Carrollton the municipal authorities are proceeding under section 3415 of the Code of 1906, as last amended by chapter 147 of the Laws of 1914. This statute provides in part as follows:

". . . That the corporate authorities of any municipality, whether operating under chapter 99 of the Code of 1906 or under special charter, or under the com-

mission government laws, be and they are hereby authorized to issue bonds or other obligations of the city, town or village, for the following purposes:

"(a) For the purpose of raising money for the erection of municipal and school buildings, and the purchase of such buildings or the land therefor, and the improvement, repair, and adornment thereof."

Every municipality, therefore, has the naked power not only to erect a schoolhouse, but to provide the funds therefor by the issuance and sale of municipal bonds. Bonds may also be issued for the "purchase of the land therefor" and "the improvement, repair and adornment" of such schoolhouse. The exercise of this right by the municipality of North Carrollton is here challenged because the major portion of the town is embraced within the limits of the Carrollton separate school district, which through the municipal authorities of old Carrollton was proceeding to issue a twelve thousand bond issue to replace the schoolhouse theretofore destroyed by fire; that the effort of the town of North Carrollton to declare itself a separate school district is a nullity; that adequate school facilities will be furnished by the separate school district of old Carrollton, and the maintenance by North Carrollton of a school within the limits of the Carrollton separate school district would not be a free public school under the law, and would, in fact, be an unlawful use of the schoolhouse to be erected.

More briefly, the contention is that the purpose of the bond issue in question was for the benefit of the school children of North Carrollton separate school district, the creation of which has been by this court declared illegal, and that, the purpose of the issue having failed, the whole issue fails. It is true that in one portion of the ordinance here in review it is stated that the board proposes to issue these bonds "for the purpose of raising funds to buy lot or lands and to erect and equip school

buildings in which the white children of said North Carrollton separate school district may be taught." This is but another way of saying that provision is to be made for the white children of the municipality of North Carrollton. The pleadings in the former suit between the two towns, as well as in the present litigation, reflect the fact that a substantial portion of the town of North Carrollton is not embraced within the limits of the Old Carrollton separate school district; and the municipal authorities of North Carrollton at the time of the passage of this ordinance proposing the bond issue considered the town a separate school district under and by virtue of an ordinance theretofore attempted to be passed by them. The fact that the North Carrollton separate school district fails should not affect the main purpose of the proposed issue, which is the purchase of a school site and the erection of a school building thereon that would during the life of said building be a valuable asset of the municipality and a convenience to its school patrons. The main objection to the present bond issue is controlled by the case of *Chrisman* v. *Brookhaven,* 70 Miss. 477, 12 So. 458. In this case Campbell, C. J., well says:

"The schoolhouse exists as a substantial reality, owned by the town, and if the school provided for by the act does not consist with law, one which does will find the schoolhouse a suitable place for it, we suppose."

In the Chrisman Case, as in the present case, the main purpose is "the establishment of a school and the procurement of needed conveniences for it." It must be borne in mind that we are now dealing with the primary power of the municipality to purchase a school site and to erect a schoolhouse, and for that purpose to issue bonds. The objection that the schoolhouse, when completed, will be used for an unlawful purpose or a purpose not authorized, is not a question for decision in this case. The questions of management or sup-

port of the school and whether or not the school will be operated as a part of the free school system are administrative matters not now before this court.

The pleadings show that the town of North Carrollton has no schoolhouses of any kind within its limits, and under the law it has the absolute right to provide these municipal improvements; and, having the absolute statutory right so to do, it follows that the demurrer was properly sustained, and that this cause should be, and is hereby, affirmed.

*Affirmed.*