## Keeton *v.* Board of Supervisors of Clarke County.

### [77 South. 906, Division B.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Location of schoolhouses in consolidated districts. Correction of clerical mistakes by school board. Statute.*

   Section 4512, Code 1906, Hemingway's Code, section 7332, providing that the county superintendent of education shall be .president of the school board and convene it annually prior to the first day of August to designate the location of the schoolhouse in each district, etc., was not violated, where the order of a county school board locating the schoolhouse in a consolidated district by clerical error recited one township instead of another, and the school board after August the 1st, entered an order correcting the clerical mistake, and properly described the land upon which the schoolhouse was to be erected. By such action the spirit of the statute was observed.

2. SCHOOLS AND SCHOOL DISTRICTS. *Mistake in locating schoolhouses. Validity of order of county school board creating district. Issuance of bonds.*

   Any mistake by the county school board in locating the schoolhouse in a consolidated school district did not render invalid the order of the board creating the district, and should not affect the purpose and right of the board of supervisors to issue bonds for the purpose of erecting and equipping the schoolhouse. The issuance of the bonds is one thing and the spending of the money derived therefrom is another and different matter altogether.

3. SCHOOLS AND SCHOOL DISTRICTS. *Power of county school board to consolidate. Petition of electors. Statute.*

   A county school board has power to consolidate or designate districts without any petition whatsoever, section 4530, Code 1906, section 7351. Hemingway's Code, has no bearing on this point.

APPEAL from the chancery of Clarke county.

HON. G. C. TANN, Chancellor.

Suit by G. L. Keeton against the board of supervisors of Clarke county. From a decree dismissing the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*S. G. Terral, amicus curiae.*

This is a friendly suit testing the validity of the proposed bond issue for the Carmichael consolidated school district. A petition containing a large number of the qualified electors of the proposed district was filed with the county school board asking for the creation of said district and on May 10, 1916, the school board entered an order attempting to create said district. The order of the school board located the school for said district in the southwest quarter of the southwest quarter (SW¼ of SW¼), of section five (5), township five (5), north, range seventeen (17) east, which is in Lauderdale county and outside of the proposed district. While the petition for the consolidated district recites that a majority of the qualified electors signed the petition, yet the order itself creating or attempting to create the district does not recite that a majority of the qualified electors have petitioned for the creation of said district. Neither does said order recite that the proposed district conforms to law.

Section 4510 of the Code of 1906, creates a school board and section 4512 defines its duties and prescribes how and when they shall be performed. The latter section requires the board to "designate the location of the schoolhouse in each district," "Prior to the first day of August annually." As the proposed school was not located in the proposed district prior to the first day of August, 1916, manifestly the order locating the school is void. It is absolutely essential that the location of the school be designated by the school board prior to the first day of August. Time is of the very essence of the order. In the case of *Howie* v. *Alford,* 100 Miss. 485, construing section 4338 of the Code, this court held that where a tax collector failed to file the tax deeds with the chancery clerk on or before April first, that the sale was void, even though the tax collector may not have concluded the tax sales on that date.

Likewise, in the case of *Stovall* v. *Connor,* 58 Miss. 138, this court held that where the assessment roll was not presented to the board of supervisors on the first Monday of July, that the assessment was void. Several other authorities might be cited for this same position. This court has frequently held that where the tax collector did not sell land for taxes as the time prescribed by law, that the sale was void. I deem it entirely unnecessary to cite authorities in support of this position.

The order attempting to create the district is also void because of the uncertainty of the description. It reads 3, 4, 5, 6, 7, 8, 9, 10, 11, etc., without naming lots of sections. So far as this court may know, the school board may have intended lots instead of sections, and if it did, then the area is less than that prescribed by law, being a board of limited jurisdiction, its records— and not the petition of the qualified electors, must show the jurisdictional facts. 11 Cyc., 398; *Hinton* v. *County,* 84 Miss. 536.

In order for the school board to have jurisdiction, it was necessary to have the petition signed by a majority of the qualified electors of the proposed district asking for the creation of said district in accordance with section 4530 as amended by the Acts of 1914, page 262. The order of the school board does not judicially find that a majority of the qualified electors of said district petitioned for the consolidation of said district. Counsel for appellee will contend that it is not necessary to have the petition signed by a majority of the qualified electors to create a consolidated district, yet it is necessary to have such a petition in order to create a separate school district without the petition of the qualified electors for that purpose would be to say that the school board has the authority to do of its own initiative a greater thing than it would have to do any component part of that thing. In other words, while it could not create a separate school district without the

petition of the qualified electors for that purpose, yet it could combine or consolidate two or more separate school districts into one district without any petition whatever and even against the wishes of the qualified electors of the separate school district. Such a contention is absurd on its face. There is essentially no difference between a separate and consolidated school district and as the people are taxed in each instance to maintain a school, the legislature evidently intended that the taxpayers through the qualified electors should have a right to say whether either a separate or a consolidated school district should be created.

It was not competent to show by parol evidence where the school board intended to locate the school. The records of the school board import absolute verity and must be tried by themselves. *McCord* v. *Shaw*, 27 So. 602; *Ferguson* v. *Brown*, 75 Miss. 214, especially page 224.

The attempted amendment of the school board records did not take place until after August 1, 1916, and not until more than one month after the filing of the bill in this case. Certainly the creation or attempted creation of the consolidated district is a judicial act and as such cannot be rescinded after the board adjourns. *Yalabusha* v. *Carbry*, 3 S. & M. 529; *Keenan* v. *Harkin*, 82 Miss. 709; American & English Ency. Law (2 Ed.), page 1008.

I respectfully submit that no consolidated school district has been created by the county school board and that therefore the court erred in dissolving the injunction.

*Heidelberg & Johnston*, for appellant.

A brief in this cause has already been filed by S. H. Terral, *amicus curiae*, and we desire to adopt his brief as ours and insist that the case should be reversed for the reasons therein stated.

The reasons assigned in said case for reversal of the case are twofold: 1. That the schoolhouse was located by the school board on a tract of land not embraced in the consolidated school district but in Lauderdale county; 2. That there was not a majority petition presented to the county board asking for a consolidation of the different schools which were after the consolidation to constitute the Carmichael consolidated school district.

The reasons assigned in Mr. Terral's brief and the authorities therein cited fully cover these two assignments of errors and we think any additional reasons that we might give or any additional citation of authorities, other than those cited in said brief would be useless.

*Wm. Edwards,* for appellee.

Admitting, for argument's sake, that the order of the board as originally written was fatally defective, yet this order was subsequently corrected by the school board. Since the institution of this suit, the school board at a regular meeting upon motion of a member of the board corrected the mistake, and both the motion asking that the mistake be corrected and the order of the board correcting it, appear in the record. On the day the case was heard, a motion was made to amend the answer so as to show that the mistake of the school board was corrected was sustained. True the words "amended bill" appearing in this motion was erroneously inserted instead of the word "answer," yet later on in the motion it is referred to as the "answer," and the order, sustaining the motion gives the right to amend the answer to the amended bill. The motion asks leave to amend by inserting certain words after "range 17" in the third line from the top of the second page of the amended answer. The words "range 17" do not appear in the third line from the top of the amended bill, which is conclusive that the answer and not the amended bill is referred to.

The school board had ample authority to correct the mistake in the minutes of their proceedings. 11 Cyc. 430, 764, and 765; 13 Cyc., 550; *Carlisle* v. *Killebrew,* 24 Am. St. Rep. 915.

Even if the school board were powerless to correct the mistake, the order making the correction cannot be collaterally attacked. It could only be assailed by a direct proceeding for the purpose in which the board would have to be made a party.

It is further insisted that the record or minutes of the county school board fails to show that there was a majority of the taxpayers of the district who petitioned for the creation of the consolidated school district; that the county school board is a board of limited jurisdiction and that every jurisdictional fact must appear on the face of the record of their proceedings. Section 4530 of the Code of 1906, is cited in support of the contention that such a district cannot be created without such a petition being first presented to the school board. A sufficient reply to this contention is that section 4530 of the Code has no reference to consolidated school districts, but to separate school districts. It is true that in this case there was a petition presented to the county school board asking for the creation of the consolidated school district, but such a petition was not necessary to authorize said board to create such a district. There is no statute requiring such a petition and the county school board is vested with plenary power by statute to create such districts of their own initiative. This power is conferred by sections 4512 and 4514 of the Code. It is for the school board to define the boundaries of the school districts and to locate the schools. This would necessarily imply that the school board could consolidate two or more former schools into one, for it would be nothing more than increasing the size of the district. Section 1 of chapter 124, page 114, of the Laws of 1910, providing for the transportation of children where two or more schools

are consolidated into one district, clearly shows that
this power of consolidation is conferred on the county
school board.   The expense of paying for this trans-
portation of children is paid for out of the county funds,
not out of the funds of the district, which is conclusive
that it is not a separate school district.   Unless there
is a petition presented as required by section 3, chapter
255, page 323, of the Laws of 1912, as amended by Laws
of 1916, page 265, the salaries of the teachers are paid
out of the county school fund, not out of the fund of
the separate district.   Unless such petition has been
presented (and in the case at bar none was ever
presented except that for the issuance of the bonds)
the consolidated district has no funds and no separate
taxation for schools, as is true of separate school
districts.   The attention of the court is called to the
following acts of the legislature, which are all that we
have been able to find touching on the consolidation
of schools, excepting the foregoing sections of the Code
Laws 1910, chapter 124, page 114; Laws 1912, chapter
255, page 323; Laws 1914, chapter 196, page 265; also
chapter 224, page 289; Laws 1916, chapter 180, page 265;
by reference to these act and the sections of the Code
touching on the subject of separate school districts the
difference between consolidated school districts and
separate school districts will clearly appear.   True
when a consolidated district desires to levy a tax to
extend its school term or to issue bonds that a petition
conferring this power must be presented to the board
of supervisors of the county.   In the case at bar, where
the power to issue bonds was asked for, such a petition
was presented, and the minutes of the board of super-
visors as appears from exhibit D to the bill, shows
that it contained a majority of the qualified electors
of the district.   Petition is not required to be presented
to the school board, but to the board of supervisors of
the county.

Attention is called to chapter 224, page 289 of the Laws of 1914, entitled an act to validate bonds that have been issued or that may be issued under the act of February 9, 1912, chapter 255, of the Laws of 1912. It clearly appears from said act that all bonds issued or that may be issued by virtue of chapter 255 of the Laws of 1912, are validated, the only limitation on the validation being that there must be a substantial compliance with the substantive law on the bond issue. Anything that the legislature could have done, should they have seen fit so to do, shall be construed to have been done so that bonds issued under said chapter are validated. This very beneficial and wise provision of the law has for its very object the encouragement of consolidated schools; for it validates bonds, defective in character, that have been issued, and then goes farther and validates any future bonds that might be issued, provided only that there is a substantial compliance with the law. Now then is there any error in all of the proceedings of the county school board or the board of supervisors, granting there is error, which could not have been cured or dispensed with in advance by an act of the legislature. If there is error "irregularity or want of conformity to the law," that could be cured by an act of the legislature passed prior thereto, then the bonds are valid. If there had been errors in the bond issue and we emphatically deny that there has been, this curative statute would have validated them; because of the reason that the legislature could have dispensed with any irregularity or want of conformity to the law raised by appellant. We urge the court's closest consideration of this act.

The appellant urges in his brief that a consolidated school district should be created by a petition of the qualified electors of said district, and in the course of his argument says that a consolidated school district can be composed of two separate school districts; or in other words that two separate school districts can be

consolidated. There is essentially a difference between a separate school district and a consolidated school district. A separate school district derives its taxes and revenue to pay its teachers, with the exception of the state allowance and the poll tax, from the district itself. There must be a special tax to pay its teachers levied upon the real and personal property of the district. A consolidated school derives the money necessary to pay the teachers out of the county common school fund except where a petition is presented signed by a majority of the voters of the district asking that the powers of levying taxes be conferred upon the district. No such petition has ever been presented from the Carmichael consolidated school district.

Mr. Terral insists in his brief that the order exhibit G., creating the consolidated school district is void because that the figures, 3, 4, 5, 6, 7, 8, 9, 10, 11, etc., may mean lots instead of sections. By taking the figures referred to with what precedes, it is manifest that they have reference to sections and not anything else.

In his brief Mr. Terral labors under the impression that the correction of the mistake by the county school board in their order exhibit C was that it amounts to a relocation of the school building. In this he is mistaken. The order had already been made locating the school in 1916 on the southwest quarter of the southwest quarter, section 5, Township 1, Range 17; and the effect of the correction of the mistake was to simply show what had already been done.

STEVENS, J., delivered the opinion of the court.

Appellant, as complainant in the court below, filed an injunction suit against the board of supervisors of Clarke county to restrain the issuance of bonds for the Carmichael consolidated school district. The bill was answered, testimony taken, and a decree rendered by the chancellor dismissing the bill. From the plead-

ings and the proof it affirmatively appears that two petitions by taxpayers and school patrons were presented to the county school board asking that certain territory be consolidated into one school district; that the board in compliance with the petitions entered an order May 10, 1916, creating the Carmichael consolidated school district; that the board designated the site for the school and named the district; that the board of supervisors, upon petition of the majority of the qualified electors, entered an order declaring the purpose of the board to issue bonds of the district; that notice was duly published of the intention to issue bonds; that more than twenty per cent. of the adult taxpayers petitioned against the issuance of the proposed bonds and thereupon the board ordered an election; that an election was duly held and resulted in favor of the issuance of the bonds; that the board thereupon entered an order providing for a bond issue in the sum of forty-five hundred dollars for the purpose of building and equipping a school building and advertised for bids for the bonds to be submitted on the first Monday of September, 1916. A bid was submitted and accepted, and the board was proceeding to issue the bonds when this suit was filed. The pleadings raise only two points: First, that the county school board located the schoolhouse outside of the consolidated school district and in Lauderdale county. Secondly, that a majority of the qualified electors did not petition the school board for consolidation of the several districts into the one consolidated district.

It appears that the order of the school board locating the schoolhouse recited by clerical error township 5 instead of township 1. On the trial of the case it was conclusively shown by the affidavits of the county superintendent of education and of a member of the school board that the secretary of the board made a clerical error in recording the minutes or writing the order of the school board, making the order read "T. 5" instead of "T. 1." From the petitions asking for con-

solidation and describing the territory to be embraced in the consolidated district and from the other recitals of the order of the board, it affirmatively appears that there was a clerical error. The school districts known as Bell, Carmichael, Center Ridge, and Langsdale were discontinued, and the territory formerly embraced in those districts, except the south half of Langsdale, was formed into one consolidated district, and the lands or territory consolidated was properly described by sections or governmental survey. The order of the board then recited that:

"The county school board met at Carmichael to inspect the district as to road and location of house and to name the district."

It would be unreasonable to conclude that the county school board met at Carmichael within the confines of the consolidated district and there selected a site for a schoolhouse to be constructed outside of the district in a different county. But the affidavits of officers concerned in the consolidation show that the school site was not in fact designated in Lauderdale county, and that the board had no intention of spending funds derived from the bond issue in the erection of a house outside of the district. More than this, the school board, after the filing of the bill in this case, held a meeting and entered an order correcting the clerical mistake and accurately describing the forty acres upon which the schoolhouse was to be erected. The correction was made after the 1st day of August. In doing so, section 4512, Code of 1906, section 7332, Hemingway's Code, was not violated; but, on the contrary the spirit of this statute was observed. The school board had jurisdiction of the subject-matter and did in fact locate a schoolhouse within the consolidated district. On this point, *Purvis* v. *Robinson,* 110 Miss. 64, 69 So. 673, applies.

Another and sufficient answer to the question raised by the bill is the fact that any mistake in locating

the schoolhouse did not render invalid the order of the board creating the district and should not affect the purpose and right of the board of supervisors to issue bonds for the purpose of erecting and equipping the schoolhouse. The issuance of the bonds is one thing, and the spending of the money derived therefrom is another and different matter altogether.

There is no merit in the contention that the school board could not consolidate two or more districts without a majority petition of the qualified electors therein. The board has power to consolidate or designate districts without any petition whatsoever. Section 4530, Code of 1906, section 7351, Hemingway's Code, has no bearing on this point.

It is intimated that the territory consolidated was not sufficiently described. We think counsel are wrong in this suggestion, as affirmatively shown by the orders of the board.

*Affirmed.*