WILLIAMS *et al v.* LEE *et al.*

(Division A. May 28, 1923.)

[96 South. 401. No. 23332.]

SCHOOLS AND SCHOOL DISTRICTS. *Adjoining district could not be added to existing consolidated school district, lying in two or more counties, before act providing exclusive method of annexing new territory.*

An adjoining school district could not be added to an existing consolidated school district, where the territory lies in two or more counties, before passage of chapter 198. Laws of 1922, which provides the exclusive method of annexing new territory to an existing consolidated school district.

APPEAL from chancery court of Scott county.

HON. G. C. TANN, Chancellor.

Proceeding between W. F. Williams and others and H. O. Lee and others. From the decree rendered, the former appeals. Affirmed.

*McMillon, Leach & Barnett,* for appellants.

Ludlow Consolidated Public School District is a line school lying partly in the counties of Scott, Rankin, and Leake and near the corner of the counties of Scott and Leake, the school building being just over the line in Scott county. During the month of June, 1915, orders were passed by the several boards. Each board designated and described the territory to be placed in the district from its county without let or hindrance from the board of either of the other counties. At the time this school was established as a consolidated school district, and during the time in which all subsequent orders pertaining thereto were passed, there was no provision or statute for establishing, altering, or abolishing a consolidated school district, separate and apart from the statute governing the establishment and alteration of the common school districts. A consolidated school district has been defined by this court as "simply a common school district where two or more common schools have consolidated into one single district." The two or more common school districts were common districts before they were consolidated and when consolidated made simply a common school district. *Trustees of Walton School* v. *Board of Supervisors of Covington County,* 75 So. 833; *Barrett* v. *Cedar Hill C. S. District,* 85 So. 125. Being simply a common school district, it was subject to the same rule of law and action as any other common school district. Chapter 72, Hemingway's Code, styled Consolidated School Districts, does not attempt to prescribe any rule or mode of consolidating common school districts, but merely prescribed certain rules of action for raising funds and appropriating them to the needs of the school. *Barrett et al.* v. *Cedar Hill C. S. District,* 85 So. 125. This chapter does restrict the board in taking territory from those consolidated districts where a transportation wagon or wagons are being used or where a tax is being levied on the district for

school purposes. But in no way does it restrain the board in enlarging or building up the district. If the county school boards were without power and authority of law to add territory to a consolidated school district after it was once established, previous to March 1, 1922, when chapter 189, Laws of 1922, went into effect, as argued by counsel and held by the lower court, then each of the parts of the district lying in the counties of Scott and Rankin would be void as to all subsequent orders, the same as Leake. This holding would doubtless disturb practically every district in the state. Chapter 189, Laws of 1922, did not create the original power of school boards to enlarge consolidated school districts, but merely operates as an amendment to the then existing law in that it prescribes certain new rules of procedure and can only restrict the action of school boards after it went into effect.

In conclusion, we submit (1) that the district was legally established by the three original orders passed by the boards of the three counties, unless that of the Scott county board is void from uncertainty of description of the land intended to have been embraced in the district from that county. (2) That in case that order should be found void for the reason mentioned and the district therefore void, then in that case the district attempted to have been established was validated by chapter 256, Laws of 1918. (3) That the district having been once established, additions made thereto in Leake county are legal and valid. And, (4) that if the court should find the order of July 19, 1921, void from any cause, such finding can only apply to that part of the territory not already in the district on the date of its passage by previous order; that it cannot affect any part of the territory then in the district, lying in Leake county, by previous order and therefore could only affect that part of the district, now involved.

*Huff & Lee* and *W. C. Eastland,* for appellees.

I. THE SCHOOL BOARD OF LEAKE COUNTY WAS WITH-
OUT POWER TO ADD TERRITORY TO THE LUDLOW CONSOLI-
DATED SCHOOL DISTRICT. Chapter 180, Laws of 1916, sec-
tion 4000, Hemingway's Code, which amends chapter 196,
Laws of 1914. This statute provides for the creation of
a consolidated school district by consolidating two or
more schools. It further provides for the release of ter-
ritory upon petition of a majority of the qualified electors
of such district. There is no provision as to adding ter-
ritory to such district at all. A method is provided for
releasing territory, but none is provided for adding. It
follows, therefore, that the legislature did not intend for
territory to be added to an existing consolidated school
district. As authority for this positon, we call the at-
tention of the court to the case of *Town of Carrollton* v.
*Town of North Carrollton*, 68 So. 483, 109 Miss. 344, the
converse of the proposition at bar. It was never in the
contemplation of the legislature that a school board could
add territory to an existing consolidated school district,
otherwise the legislature would not have passed chapter
198, Laws of 1922. That act is entitled "AN ACT TO PRO-
VIDE A METHOD FOR THE ADDITION OF TERRITORY TO EXIST-
ING CONSOLIDATED SCHOOL DISTRICTS." If the legislature
had recognized that there was any method by which ter-
ritory could be added to a consolidated school district,
prior to the passage of this act, then, we submit, that the
above-mentioned act instead of being styled "AN ACT TO
PROVIDE A METHOD, etc.," would have been entitled "AN
ACT TO AMEND THE METHOD," or "AN ACT TO CHANGE THE
METHOD, etc."

Now, under chapter 198, Laws of 1922, a complete scheme
is afforded whereby the territory sought to be added can
assume its proportionate share of the bonds that may be
outstanding in the district to which it is proposed to be
added. Ths act affords a complete scheme for the addi-
tion of territory to existing consolidated school districts
where the territory proposed to be added and the district

are in the same county, and also where they are in different counties. Before the passage of this act, there was no way known to man, whereby if territory could have been added to an existing consolidated school district, such territory could assume its share of the outstanding indebtedness and burdens of such district. If then without any method to assume its proportionate share of the indebtedness it could have been added, then it must be admitted that such territory could receive all of the benefits and be worried with none of the burdens; that it would be granted a full share in the assets, but be wholly absolved from any of the liabilities; that it could dance all it pleased, but somebody else would pay the fiddler; that the patrons in such added territory could send their children to school in a tallyho, have them housed and taught in a comfortable building, have them instructed by good teachers, permit them to play on well-kept grounds, and enjoy all of the benefits of such a school, the expense of maintaining which was burdensome to their neighbors who originally got up the district, and all of which expense these same neighbors would have to pay. But, says the appellant, under the holding of this court in *Trustees of Walton School* v. *Board of Supervisors of Covington County,* 75 So. 833, "A consolidated school district is simply a common school district where two or more existing schools have been consolidated into one single district," and that therefore the county school board has authority under section 4512, Code of 1906, section 7332, Hemingway's Code, to make alterations and define the boundaries of school districts outside of separate school districts, and that under the holding in *Keeton* v. *Board of Supervisors,* 77 So. 906; *Barrett* v. *Cedar Hill C. S. S.,* 85 So. 125, and *Boutwell* v. *Board of Supervisors,* 91 So. 12, the school board of Leake county could act in the matter of the addition of this territory without reference to a petition. The proposition involved in the *Walton case, supra,* is wholly foreign to the proposition at bar. The definition

there relied on does not attempt to say that a school board has the same power over a consolidated school district with more than twenty-five square miles of territory as it does over the ordinary common school district. This court has explained and construed the holding in that case in the case of *Lincoln County* v. *Wilson et al.,* 88 So. 516. In the Keeton case the school board was not attempting to add territory to an existing consolidated school district as in the case at bar, but was simply consolidating two common school districts. The Barrett case, cited by appellant, merely holds that, for the purpose of a bond issue, a consolidated school district having less than twenty-five square miles of area comes within the purview and purpose of chapter 172, Laws of 1918, and therefore has no bearing on the case at bar. We, therefore, most earnestly submit that the school board of Leake county was without power to add the territory in question to the Ludlow Consolidated School District.

*McMillon, Leach, & Barnett,* for appellant, in reply.

It appears that counsel get themselves confused with the law pertaining to separate school districts. There is no common statute applying to them. The laws which apply to separate school districts in no way apply to consolidated school districts. They have some power and authority in common, but this power and authority is given each by separate and independent statutes. The case of the *Town of Carrollton* v. *Town of North Carrollton,* 68 So. 483, 109 Miss. 344, pertains to a municipal separate school district over which the board of supervisors have no authority. Neither has the county school board any authority over a municipal separate school district. Counsel's position based on this decision is not sound and is directly in the face of the cases of *Keeton* v. *Board of Supervisors,* 77 So. 906, and *Boutwell* v. *Board of Supervisors, Jasper County,* 91 So. 12. In the Boutwell case there was additional territory added to a con-

solidated school district which had already been established, as was done in the case at bar. As to the question of the order of the board here attacked being unreasonable, as stated in the decree of the court, we submit that there is no question of reasonableness or unreasonableness arising in this case. The questions here are, taking the facts as found in the record and all the law in the case: First, is the district as a whole a valid district? Second, is the order of the school board of Leake county dated February —, 1917, legally a part of the district? Third, is the order of that same board dated July 9, 1921, valid as to that part of the territory not already in the district by previous orders valid in law?

Argued orally by *Percy Lee* for appellees.

HOLDEN, J., delivered the opinion of the court.

This is an injunction suit in chancery to determine the question of whether or not new territory may be added to an existing  consolidated school district prior to the enactment of chapter 198, Laws of 1922, where there is no petition for such purpose, and no joint action by the boards of trustees of the consolidated district and those of the district seeking to be added, nor any previous action on the part of the county superintendents, where the territory of the proposed enlarged consolidated district lies in three counties, nor any other action on the part of the school officials of the different counties or districts authorizing such addition of new territory; the exact inquiry being whether the superintendent of the county or trustees of the district comprising the new territory to be added can by their action alone add their district to the existing consolidated district.

We see no necessity of stating the facts of the case beyond saying that the controversy here presented involves the question stated above. The appellants attempted to add their district territory to the consolidated school dis-

trict of appellees, without endeavoring to pursue any statutory method, or any other reasonable procedure required for such annexation. However, we do not pass upon the question as to whether territory may be added to a consolidated school district by any of the methods suggested above, because we do not think there was any lawful authority for enlarging a consolidated school district by adding new territory thereto, the whole of which would lie in two or more counties, before the enactment of chapter 198, Laws of 1922, which prescribes the sole manner and method of adding new territory to an adjoining existing consolidated school district.

Consolidated school districts being creatures of the statute, we do not think they can be added to except by statutory provisions; and it seems to us this fact was recognized when the said chapter 198, Laws of 1922, was adopted so as to permit the enlargement of such consolidated school districts by the addition thereto of new territory. *Trustees of Walton School* v. *Board of Sup'rs of Covington County,* 115 Miss. 117, 75 So. 833, and *Keeton* v. *Board of Sup'rs of Clarke County,* 117 Miss. 72, 77 So. 906, are not in point.

The rights contended for by appellants are to be controlled by the law as it stood prior to the said act of 1922, and, in view of the conclusion we have reached, it is our opinion the lower court was correct in holding the appellants had no right to annex the territory of their school district to the territory of the existing consolidated school district. *Carrollton* v. *Town of North Carrollton,* 109 Miss. 344, 68 So. 483.

The decree of the lower court is therefore affirmed.

*Affirmed.*

For opinion on suggestion of error see 132 Miss. 499, 97 So. 14.