# YEAGER *et al. v.* MERRITT *et al.*\*

(Division B., March 4, 1929. Suggestion of Error Overruled March 18, 1929.)

[120 So. 832. No. 27706.]

---

\*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 850, n. 94.

*Cowles Horton,* for appellant.

*S. C. Mims, Jr.,* for appellees.

ETHRIDGE, P. J. This appeal involves the validity of an order attaching certain territory in Grenada county to a consolidated school district in Calhoun county. Merritt and other petitioners presented a petition to the board of supervisors of Grenada county, wherein it was recited that the petitioners represented a majority of school patrons living within the described territory, setting out with particularity the territory involved lying in Grenada county. and petitioning the board to order an .election in said described territory submitting the question of whether the territory should be added to and become part of the Cole Creek consolidated school district. and thereby assume its *pro-rata* part of the outstanding indebtedness of said consolidated school district. It was also stated that the Cole Creek consolidated school district had been duly organized under the law and was operating at the time as a consolidated school district: that it had an outstanding indebtedness, and was composed of territory adjacent to the territory de-

scribed in the petition lying in Grenada county, and prayed to be added to the consolidated school district. With the petition was presented an order of the Calhoun county school board creating the Cole Creek consolidated school district 'composed of more than one school district in Calhoun county, in which it was recited that a majority of the patrons of the proposed consolidated school district did sign the petition, which petition was duly filed with the board praying that the consolidation be made; that thereupon the board entered an order granting the petition creating the district and described the territory composing such district and located the buildings therein. This territory all appears to be in Calhoun county.

Also with the petition to the board of supervisors there was filed a written instrument, the consent of the county superintendent of education of Calhoun county to have such territory added to the Cole Creek consolidated school, recommending a site for the school building when such territory should be so added.

The appellants appeared first and offered oral objections to the granting of the petition to add the territory in Grenada county to the consolidated school district in Calhoun county, and the board overruled such objections orally. Thereupon the appellants procured an attorney and filed a written statement of objections, offering proof to sustain such objections. The board declined to hear such proof and passed an order granting the petition to add the territory in Grenada county to the Cole Creek consolidated school district in Calhoun county. The objections in writing filed, as above state, were, first, that the Cole Creek consolidated school district had never been legally created, and was not a legal school district, and did not embrace the territory required by law in order to add same to said school district; second, because there had not been filed with the board the proper records whereupon it could adjudicate this cause; third, because

there was no valid outstanding indebtedness against said Cole Creek consolidated school district; fourth, because the schoolhouse had never been legally established, fixed, and located in the district as provided by law, and also because said Cole Creek consolidated school district is not a valid school district and has heretofore been actually abandoned as such and the school property taken charge of by private parties, and also because the territory sought to be added to said school district has been so arranged as to leave out of a school district all of the objectors except Gray, and that they were without school facilities thereunder, and also because the petition had never been presented to or acted on by the school board, superintendent of education, or other authority of said county of Grenada.

The cause was appealed to the circuit court and the objections incorporated in a bill of exceptions. The circuit judge affirmed the board of supervisors, adding the territory proposed to the Cole Creek consolidated school district.

From the above statement of facts, it appears that there had not been created a line consolidated school district, but that Calhoun county had created a consolidated school district west of the boundary between Grenada and Calhoun counties. Section 114 of chapter 283, Laws 1924 (School Code) provides that: "If the territory of a proposed consolidated school lies in two or more counties the county superintendents of all counties affected shall agree as to approximately the extent of the territory, location of school house and other matters of vital importance and report to their respective school boards. The school boards of each county shall act with reference to its own territory and report to the other counties affected," etc.

In the case of *Board of Supervisors of Marshall County* v. *Brown*, 146 Miss. 57, 111 So. 831, it was held that

in proceedings under Laws of 1924, chapter 283, section 100, for establishment of a consolidated school district, location of school house is required before holding election to issue bonds, even though the board may properly delay location of schoolhouse for further consideration after creation of the district. In the opinion it was held that the only authority to create a consolidated school district was statutory, by the statutes referred to in the opinion, and depended entirely upon those statutes, and that the fundamental requirements must be complied with, otherwise the district cannot be formed. In other words, the court held that, pursuing the statutory scheme under chapter 283, Laws of 1924, the statute must be strictly complied with.

In *Williams* v. *Lee,* 132 Miss. 499, 97 So. 14, it was held that the superintendent of the county school board could not add territory within the county to a consolidated school district lying in three counties without the concurrent action of the officials of the other counties. This decision was rendered on the law existing prior to the enactment of chapter 283, the school code. In the second case of *Williams* v. *Lee,* 132 Miss. 739, 96 So. 401, it was held that an adjoining school district could not be added to an existing consolidated school district where the territory lies in two or more counties prior to the passage of Chapter 198, Laws of 1922, which provides the exclusive method of annexing new territory to an existing consolidated school district.

Appellee relies upon the case of *James et al.* v. *Board of Supervisors of Wilkinson County* (Miss.), 117 So. 111, in which it was held that a board of supervisors could add additional territory to a county line consolidated school district already created without the concurrent action or consent of the authorities of the other counties composing the consolidated school district, under section 110, Laws of 1924 (section 8745, Hemingway's 1927

Code). It appears clearly from the statement of this case that the William Winans consolidated school district was an existing consolidated school district lying in parts of two counties, and the added territory was to a district already created by the joint consent of the proper authorities of the several counties therein involved. As no consolidated school district had been created between Calhoun and Grenada counties, affecting the territory involved, that decision is not controlling in the decision of this case. Under the authorities above cited, it is requisite that the statute be complied with in creating a county line consolidated school district. To do that under section 114, chapter 283, Laws of 1924, it is first required that the county superintendents in all the counties affected shall agree as to the approximate extent of the territory, the location of the schoolhouse, and the other matters of vital importance and such superintendents must then report to their respective school boards their findings and agreements, and, when these conditions are complied with, the school boards of each county shall act with reference to their own territory and report their acts to the other counties affected. In the case before us, there is no petition showing that such action had been taken to create a county line consolidated school district, but it clearly appears from the orders of the Calhoun county school board introduced on the hearing that the school district lay wholly within Calhoun county and was not a county line consolidated school district. The board's action could not cure the want of jurisdiction required by section 114, chapter 283, Laws of 1924. The requirements therein are jurisdictional and no valid action can be taken unless there is a proper showing that a county line consolidated school district has been created. There is no averment that these essential facts are present in this cause, and the board was without jurisdiction to add territory in Grenada county

to a consolidated school district wholly within Calhoun county. The judgment of the court below must, therefore, be reversed and the petition dismissed.

*Reversed, and judgment here.*