BOUTWELL ET AL. *v.* BOARD OF SUPERVISORS OF JASPER
COUNTY.

[91 South. 12.  No. 22539.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Failure of second consolidation or-
der to describe the entire district held not to affect validity.*
The order and resolutions of a county board of education organizing
four rural school districts into a consolidated school district are not
void because such organization was the result of two separate orders
by such board made at different times, the first of which organized
three of said rural school districts into a consolidated district, prop-
erly describing the territory of said consolidated district; and the
other, the later order, added another rural school district, properly
describing the territory therein, and recited that it should become
a part of the consolidated district theretofore established under a cer-
tain name; the better plan, however (although not indispensable), is
that the last order describe the entire territory in the consolidated
district.

2. APPEAL AND ERROR. *Chancellor's finding of fact on conflicting evi-
dence not disturbed.*
On the issue whether or not a consolidated school district was improvi-
dently organized in that it deprived a large number of the school chil-
dren of the district of public school facilities, where the evidence
is conflicting and the chancellor finds against that contention, such
finding of fact will not be disturbed on appeal.

3. SCHOOLS AND SCHOOL DISTRICTS. *Order for and report of bond elec-
tion held insufficient to show compliance with statute as to place.*
Under chapter 194, Laws of 1916, section 4004, Hemingway's Code,
which provides that bond issue elections for consolidated school dis-
tricts shall be held at the schoolhouse of said district, or, if there
be none, shall be held at a convenient place designated by the trustees
of the school, where the minutes of the board of supervisors provided
that the election should "be held in said district on the 28th day of
128 Miss.—22

August, 1920, for ratification or rejection," and the report of the election commissioners approved by the board recited that the election was held "at Rose Hill consolidated school district August 28, 1920," this was insufficient to show that the statute had been complied with, because it cannot be reasonably inferred therefrom whether the election in question was held at the schoolhouse in the district or at any other place authorized by law.

4. SCHOOLS AND SCHOOL DISTRICTS. *Statute providing for place of bond election held jurisdictional; compliance with statute as to place of election must affirmatively appear on minutes of supervisors.*

Chapter 104, Laws of 1916, section 4004, Hemingway's Code, providing where an election shall be held in a consolidated school district to determine the question of the issuance of the bonds of such district, is fundamental and jurisdictional, and a failure to comply with the statute is fatal to the bond issue, and the court will not inquire into the question whether such violation of the statute misled the voters or otherwise resulted in harm; and such jurisdictional fact must affirmatively appear on the minutes of the board of supervisors; it cannot rest in parol; such board cannot speak, except through its minutes so far as the essentials of jurisdiction are concerned, and no presumption will be indulged in favor of such jurisdiction.

5. SCHOOLS AND SCHOOL DISTRICTS. *Statutory requirement for maintenance tax levy held jurisdictional; compliance with statute as to maintenance tax levy must affirmatively appear on minutes of board of education and board of supervisors.*

The maintenance tax authorized for a consolidated school by chapter 170, Laws of 1920, Hemingway's Supplement, section 4002, which provides for its levy on the petition of a majority of the qualified electors of the district upon the approval of the board of education, cannot be levied unless the statute has been complied with, and the requirement that the majority of the qualified electors shall petition for the levy of such tax and that such levy shall have the approval of the board of education before the board of supervisors shall make the same are jurisdictional. And the tax levied without compliance with the statute is void, and such compliance with the statute must appear affirmatively on the minutes of the board of education and board of supervisors. It cannot be shown by parol.

APPEAL from chancery court of Jasper county.

HON. G. C. TANN, Chancellor.

Bill by W. H. Boutwell and others against Jasper County. Judgment of dismissal, and plaintiffs appeal. Reversed and remanded.

*S. E. Travis* and *L. Hennington,* for appellant.

*Rawls & Hathorn,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellants, qualified electors, taxpayers, and patrons of the Rose Hill consolidated school district of Jasper county, filed their bill in the chancery court against the appellee, the board of supervisors of said county, attacking the organization of said Rose Hill consolidated school district; the legality of the bonds proposed to be issued for said district for the purpose of building and equipping a school building therefor; the legality of the maintenance tax levied by appellee for the support of said school; and seeking an injunction against the issuance of said bonds and the levy and collection of said tax. An injunction was issued and served according to the prayer of the bill.

The case was tried on bill, answer, motion to dissolve injunction, and testimony, and a decree was rendered dismissing the appellants' bill, from which they prosecute this appeal.

It is contended that the action of the county board of education in organizing the Rose Hill consolidated school district is void because the territory composing the district is not properly described in the order of said board. On June 14, 1920, at a meeting of the county board of education, its minutes show that it was attempted to organize the Rose Hill, Homewood, and New Providence rural school districts into a consolidated school district. That order is in this language:

"Ordered by the board that the Rose Hill, Homewood, and Providence regular school districts be and that they are hereby consolidated into one consolidated school district to include the following described territory: All of sections 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, township 3, range 13 east; sections 29, 30, 31, 32, and 33; sections 18, 19, 20, and all that part of section 7 and 17 lying south of Souin Lovie creek township

4, range 13 east; sections 13 and 24, and all that part of section 12 lying south of Souin Lovie creek, township 4, range 12 east."

At a subsequent meeting held on July 23, 1920, the board of education made an order adding the territory composing the Hicks school district to the Rose Hill consolidated school district. That order is in this language:

"Ordered by the board that the Hicks school embracing the following territory: Sections 1, 2 and 3, township 3, range 13, sections 25, 34, 35 and 36, township 4, range 13 east, be consolidated with Rose Hill consolidated school.

"Ordered that the proposed bond issue for ten thousand dollars and that the maintenance levy for Rose Hill consolidated school be approved."

It is argued that this attempted consolidation of these four rural school districts into one district is void because the entire territory is not described in the last order. We think the contention is without merit. The territory attempted to be incorporated into a consolidated district by each of these orders is described by government subdivisions. The last order describes perfectly the Hicks school district and recites that the territory so described be added to the Rose Hill consolidated school district. It therefore plainly appears from its minutes that the board of education attempted to make a consolidated school district out of four rural school districts by two separate orders made at different meetings; that by the first order three of these school districts were consolidated into one to be known as the Rose Hill consolidated school district; and that at a subsequent meeting the Hicks school district, properly described in the order, was added to the district theretofore created. Notwithstanding it would have been better in the last order to have described the entire district as made up of four districts, still in our judgment this was not indispensable. The minutes of the board of education show without any uncertainty just what territory was intended to constitute the consolidated district, and this is sufficient.

It is alleged in appellants' bill that the organization by the board of education of the consolidated school district in question is illegal and void because the district is so large and some of the patrons of the school are so situated with reference to streams and other barriers that they will be deprived of the privileges of public education intended to be furnished by the school. The evidence on behalf of the appellants tended to establish this allegation of the bill. That on behalf of the appellee, on the contrary, tended to establish that the district had been wisely organized and that all of the children of school age in the district would have reasonable school facilities. The chancellor found this question of fact in favor of appellee, and we see no reason for disturbing his finding. It is contended on behalf of appellee that under the authority of *Lincoln County* v. *Wilson*, 125 Miss. 837, 88 So. 516, and *Dye* v. *Town of Sardis*, 119 Miss. 359, 80 So. 761, a consolidated school district is an instrumentality of the government for school purposes, a governmental arm of the state, and its organization cannot be attacked in a proceeding of this kind. It is not necessary to decide this question, since we approve the finding of the chancellor on the issue of fact.

It is contended on behalf of appellants that the bonds, the issuance of which was provided for by an order of appellee, would be, if issued, illegal and void, because in the order providing for the election to determine the question of their issuance there was no place authorized by law fixed for the election, and that the report of the commissioners of election, which was approved by the appellee, fails to show that the election was held at the place required by law. Chapter 194, Laws of 1916, section 4004, Hemingway's Code, provides that— "Such election shall be held at the schoolhouse of said district, or, if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees of the school."

The order of appellee in reference to the place of holding the election simply provides that— The question of the bond issue "shall be submitted to the qualified electors

of said Rose Hill consolidated school district at an election to be held in said district on the 28th day of August A. D. 1920, for their ratification or rejection."

And the report of the election commissioners, approved by appellee, states that— A "special election held at Rose Hill consolidated school district August 28, 1920, to determine whether or not to issue bonds in the sum of ten thousand dollars, for the purpose of building and equipping a schoolhouse and buying land for consolidated school. For the issuance of bonds 75. Against the issuance of bonds 4. Majority for the issuance of bonds 71."

And the subsequent order of appellee providing for the issuance of bonds in pursuance of said election does not recite whether the election was held at the schoolhouse of the district or elsewhere. It is argued, however, on behalf of appellee, that this was sufficient to show that the election was held at the schoolhouse of the consolidated district. We disagree with counsel as to this contention. There is no process of reasoning by which it can be inferred from said orders and resolutions of appellee, including the report of the election commissioners, that the election in question was held at the schoolhouse of the district, or at any other place authorized by the statute.

It was held by this court in *Barrett* v. *Cedar Hill Consolidated School District* 123 Miss. 370, 85 So. 125, and *Edwards* v. *Board of Supervisors,* 124 Miss. 165, 87 So. 8, that under this statute the failure to hold the election at the place designated by law was fatal to the bond issue; that the requirement of the statute in this respect was fundamental and jurisdictional, and the court would not inquire into the question whether the violation of the statute had misled the voters or otherwise resulted in harm. Was it necessary that this jurisdictional fact be affirmatively shown by the orders and resolutions of the appellee providing for the issuance of the bonds? This question was discussed and decided by this court in *Adams* v. *Bank,* 103 Miss. 744, 60 So. 770. That case involved, as does this, an exercise by the board of supervisors of a special statu-

tory power. · The court held that there was no presumption
in favor of the legality of the action of the board of super-
visors so far as the essentials of jurisdiction were con-
cerned; that the record of its proceedings must show on its
face the jurisdictional facts. The authorities were reviewed
and cited to sustain that position. Surely such a funda-
mental requirement cannot be left open to parol testimony.
As to such essentials the board of supervisors can only
speak through its minutes. No presumption will be in-
dulged in its favor. Such a question is not open to inquiry
except in so far as may be shown by the face of the record.
If the orders and resolutions as to the place of holding the
election show either that the law was not complied with, or
are silent, then they are void. Therefore we are of opinion
that the election in question is unauthorized and void,
and it follows that appellee was without authority to is-
sue the proposed bonds.

It is contended on behalf of appellants that the mainte-
nance tax levied by appellee for the expenses of the school
authorized by the statute was without authority of law and
void, because neither the orders and resolutions of the
board of education nor of appellee show that a majority of
the qualified electors of the district petitioned for the levy
of such tax. The statute authorizing the levy of this tax,
chapter 170, Laws of 1920, Hem. Supp. section 4002, pro-
vides in substance that on petition of a majority of the
qualified electors of a consolidated school district contain-
ing not less than ten square miles, and on the approval of
the county board of education, the board of supervisors
shall, in the manner provided for separate school districts,
annually levy a tax on the property of the consolidated
school district with which to pay for fuel, transportation
wagons, and other expenses; and that the amounts so fixed
and levied shall remain the same from year to year as long
as the district is maintained unless changed on petition of
a majority of the qualified electors. Such a tax was levied
on the property in the district here in question. With

reference to the levy of this tax the minutes of the board of education shows alone this order:

"Ordered that the proposed bond issue for ten thousand dollars, and that the maintenance levy for Rose Hill consolidated school be approved."

The orders and resolutions of appellee are silent as to what action was taken wth reference to this maintenance tax. There is therefore nothing in the record of the proceeding either of the board of education or appellee to show that such tax had been petitioned for by a majority of the qualified electors of the district. Without this requirement being complied with, there was no authority on the part of either of these boards to take any action. The power of the board of supervisors to levy such a tax which would continue from year to year until revoked in the manner laid down by the statute was, to say the least of it, a very important power; and the levy of such tax carried with it a lien for its payment against all of the property in the district.

What we have said with reference to the place of holding the election to determine whether the bonds of the district shall be issued applies with equal force to the power to levy this maintenance tax. It was a condition precedent to its levy that a majority of the qualified electors of the district petition for it, and the board of education approve it. This was mandatory and jurisdictional, and was required to be affirmatively shown by orders and resolutions of the board of education and of the appellee. We therefore hold that the said maintenance tax was unauthorized and illegal.

*Reversed and remanded.*