BOARD OF SUP'RS OF STONE COUNTY *v.* O'NEAL

[93 South. 483, No. 22700.]

SCHOOLS AND SCHOOL DISTRICTS. *Election held in private residence on school grounds in no way connected with schoolhouse void; "at the schoolhouse."*

Section 4004, Hemingway's Code (Laws 1916, chapter 194), providing that elections affecting any question to be submitted to the qualified electors in a consolidated school district shall be held at the schoolhouse of such district, is mandatory, and an election which is held at a private residence located on the school grounds, but in no way connected with the schoolhouse, is void.

APPEAL from chancery court of Stone county.

HON. V. A. GRIFFITH, Chancellor.

Bill by P. A. O'Neal against board of supervisors of Stone county. From a decree for complainant, defendant appeals. Affirmed.

*Mize & Mize,* for appellant.

The court will see that none of the allegations of the bill were proven, that the acts of the board of supervisors in giving notice of their intention to issue said bonds by its order passed at the special call meeting on May 26th and in calling the election to be held on June 25, 1921, at the schoolhouse, were strictly legal. The only question that merits any consideration, and being the question that the court below decided on, is this: What is the meaning of the phrase, "At the schoolhouse."

The lower court held that the election held at the teacher's home in the schoolyard was not held at the schoolhouse. The court will see that the place where the election was held was sufficiently at the schoolhouse. The law provides that it must be held at the schoolhouse; it doesn't say "in" the schoolhouse. Section 4004, Hemingway's Code. Now, could it be contended that an election held under an oak in the schoolhouse yard, thirty-five or forty yards from the school building, was not at the schoolhouse, We think not. Here, the election was held on the front porch of the teacher's home, in the schoolhouse yard, thirty-five or forty yards from the school building, in plain view of all the approaches to said schoolhouse.

Such expressions as "in," "at," "about," must be construed with common sense, and it would not be common sense to say that this election was not held "at" the schoolhouse because it was held on the porch of the teacher's home, where elections were customarily held, in the schoolhouse yard, and within full view of any one approaching the schoolhouse from any road or entrance leading to the schoolhouse. The statute does not say "within" the schoolhouse, but "at" the schoolhouse. The word "at" expresses the idea of nearness to place and is less definite than "in" or "on." *Lovin v. Hicks,* 116 Minn. 179. The word "at," when used to designate a place, may and often must mean "near to." It is less definite than "in" or "on;" "at" the house may be "in" or "near" the house. *Waynesville* v. *Satherwait,* 136 N. C. 226.

·We contend that the above definition of "at" should be applied in this case.   This case is differentiated from the case of *Barrett* v. *Cedar Hill Consolidated School District,* 123 Miss. 270, 85 So. 125.   In that case, the evidence disclosed that the election was held from a quarter to a half mile from the schoolhouse; while in the instant case it was thirty-five or forty yards from the schoolhouse, on the front porch of the teacher's home, which was in the schoolyard enclosure, with nothing between, and in full view of all the roads and entrances approaching the schoolhouse, and said place being the accustomed place for the holding of· elections by these people.

The case of *Harris* v. *State, ex rel.,* 72 Miss. 960, is not in hostility with our contention because the term "courthouse" has such a well defined meaning as being the building itself, and the building where the board of supervisors met in the *Harris.case, supra,* was outside the yard of the courthouse, and the door of the chancery clerk's office where the board met was outside the courthouse yard, twenty feet from the gate leading to it.   The sheriff's office had a door opening into the courthouse yard but there was no door between the sheriff's office and the clerk's offices and the board of supervisors was doing a routine matter acting on a petition for local option.

Courthouse, has such a well defined meaning as being the courthouse building itself, that people going to a courthouse would not think of going in an out-building; but here where the schoolhouse is in the same enclosure with the teacher's home, thirty-five or forty yards apart and with nothing between them, and the election is held on the porch of the teacher's house, where these people had long been holding their elections, and where said place is in full view of all the roads and entrances from which said schoolhouse is approached, and where any one going to the schoolhouse to vote would see where the election was being held; we certainly think that our contention should be upheld by this court that this was sufficiently "at" the schoolhouse, to comply with the law.

No contention whatever is made that any voter was misled by the election being held at the teacher's home. This was where the elections were customarily held.

*W. B. Parker,* for appellee.

There was a schoolhouse in the Home Consolidated School District. The election over which the litigation arose was not held at nor within this schoolhouse. The chancellor found and held that as matter of fact there was a schoolhouse in said district, and that the election was not held in accordance with the law, and we believe and insist that his finding was and is correct.

Section 4004, Hemingway's Code, requires that such election should be held at the schoolhouse. The phrase "at the courthouse" has been well defined in our state. *R. N. Harris v. State, etc.,* 72 Miss. 960.

In a recent decision construing section 4004, Hemingway's Code, cited with approval and followed *Harris v. State, supra,* and emphasized its approval of the definition of the word as given in the *Harris case, supra. Barrett et al. v. Cedar Hill Consolidated School District et al.,* 123 Miss. 370, 85 So. 125.

COOK, J., delivered the opinion of the court.

The appellee, a qualified elector and taxpayer of the home consolidated school district of Stone county, filed a bill in the chancery court against the appellant, the board of supervisors of said county, attacking the legality of certain bonds proposed to be issued by appellant for the purpose of building and equipping a school building in said school district, and seeking an injunction against the issuance of said bonds, and the levy and collection of a tax to pay the said bonds and the interest thereon. At the final hearing the cause was heard on the bill, answer, agreed statement of facts, and oral and documentary proof, and a decree was entered, holding that an election held in said school district for the purpose of determining whether the said bonds of such district should be issued

was not held in accordance with law, and perpetually enjoining the board of supervisors from issuing and selling said bonds or levying a tax for the purpose of paying them, and from this decree this appeal was prosecuted.

From the agreed statement of facts, as well as from the oral proof offered at the hearing, it appears that the election was not conducted within the school building in said district, but was held either on the front porch of the teacher's home or in a room in such home; that while this teacher's home is located on the school grounds it is a separate and distinct building from the schoolhouse, and is located more than one hundred feet away therefrom, and is in no way connected therewith, and the sole question presented for decision on this appeal is whether this election was held "at the schoolhouse of said district" within the meaning of Chapter 194, Laws of 1916 (Section 4004, Hemingway's Code), which provides:

"That in any case where it becomes necessary to hold an election affecting any question to be submitted to the qualified electors in any consolidated school district in this state, as now provided by the laws of the state forming such consolidated school districts, that such election shall be held at the schoolhouse of said district," etc.

While conceding that this court has previously held that such school elections must be held at the schoolhouse in the district, it is the contention of appellant that the word "at" as used in this statute should be construed to mean "near to," and that an election held in a private home located on the school grounds and "near to" the schoolhouse is sufficient to comply with the provisions of this statute. We think this contention is foreclosed by the decisions of this court in the cases of *Harris* v. *State,* 72 Miss. 960, 18 So. 387, 33 L. R. A. 85, and *Barrett* v. *Cedar Hill School District,* 123 Miss. 370, 85 So. 125.

In *Harris* v. *State, supra,* the meaning of the word "at" as used in a statute providing that the regular meetings of the board of supervisors should be held "at the courthouse" was defined as meaning "at the building occupied and ap-

propriated according to law for the holding of the courts,"
and the court there held that an election was void which
was ordered by the board of supervisors at a meeting held
in the chancery clerk's office, which office was in a build-
ing owned by the county and located within one hundred
feet of the courthouse on a lot adjoining the courthouse
yard.  It will be noted that this meeting of the board of
supervisors was held in a public office provided by the
board of supervisors for the use of county officers and the
public in transacting business, while in the case now pre-
sented the election was held at a private residence.  The
fact that this residence happened to be located on the
school grounds did not render it a public place, and the
objections to holding these school elections in private
places is clearly and forcefully stated in *Barrett* v. *Cedar
Hill School District, supra, where the court said*:

"We think, therefore, that the statute requiring the
election to be held at the schoolhouse in the district, a
public place where every citizen had a right, not only to
appear, but to exercise his right of persuasion on all elec-
tors undisturbed and unhampered, is not in legal effect
the same as holding the election in a private place, where
an elector might be disinclined to go at all, or might be
intimidated and overreached if he did go, and therefore
that the election held at such private place, not within the
limits of the school building or grounds, is not the same
thing as an election held at the right place."

An analogous question was presented in the case of
*Kibbe* v. *Benson,* 17 Wall. 624, 21 L. Ed. 741, where it was
held that service of process by leaving a copy with defend-
ant's father at a point one hundred and twenty-five feet
from the dwelling and in a corner of the yard was not a
compliance with an Illinois statute, which authorized proc-
ess to be served "by leaving a copy with some member of
the family, at the age of ten years or upwards, at the dwel-
ling house of the defendant, if he be absent."

The provision of our statute that elections affecting any
question to be submitted to the qualified electors in a con-

solidated school district shall be held at the schoolhouse in such district is mandatory, and we have reached the conclusion that this requirement was not met where an election was held in a private residence which was in no way connected with the schoolhouse, although this residence happened to be located at some point on the school grounds.

It follows from the views herein expressed that the judgment of the court below will be affirmed.

*Affirmed.*