## CARTER *v.* BOARD OF SUP'RS OF CHICKASAW COUNTY.

[95 South. 306. No. 23193.]

1. EVIDENCE. *Presumption that place of holding bond election shown by record was authorized by law until contrary shown.*

   Although the place of holding the election for the issuance of bonds of a consolidated school district prescribed by chapter 194, Laws 1916 (Hemingway's Code, section 4004), is jurisdictional, and if such election is held elsewhere it will be void, still, if the record of the election proceedings shows the place where it was held, the presumption will be indulged until the contrary is shown that such place was one authorized by law.

2. SCHOOLS AND SCHOOL DISTRICTS. *Designation by trustees of place to hold bond election held valid and properly shown by parol evidence.*

   Chapter 194, Laws 1916 (section 4004, Hemingway's Code), provides that the election to be held in a consolidated school district to determine whether the bonds of such district shall issue "shall be held at the schoolhouse of said district, or, if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees of the school." In a case where there was no schoolhouse of the consolidated district and the trustees selected as a convenient place for holding the election a schoolhouse of one of the districts of which the consolidated district was composed, but kept no minutes of their action in that respect, simpy reporting it to the board of supervisors and the election commissioners, who acted in accordance therewith, *held* such designation of the place to hold the election by the trustees was valid, and the election could be shown by parol evidence.

3. SCHOOLS AND SCHOOL DISTRICTS. *Election held in building wherein school was taught after schoolhouse destroyed by fire held valid; "schoolhouse."*

   Where such election was ordered to be held at a schoolhouse in said district, naming it, being situated in a village of the same name, which schoolhouse had been destroyed by fire, but in its place the same school was being taught in another house in the same village only a short distance from the site of the one destroyed, it was valid, because under the circumstances such house was in fact the "schoolhouse" named as the place of holding said election.

APPEAL from chancery court of Chickasaw county.

HON. A. J. MCINTYRE, Chancellor.

Suit by Mrs. Anna Carter against the board of supervisors of Chickasaw county. From a decree sustaining a motion to dissolve an injunction and awarding defendant damages for its wrongful issuance, complainant appeals. Affirmed and remanded.

ANDERSON, J., delivered the opinion of the court.

Appellant, Mrs. Anna Carter, filed her bill in the chancery court of the first district of Chickasaw county to enjoin the appellee, the board of supervisors of said county, from issuing five thousand dollars of bonds of the Van Fleet consolidated school district. An injunction was issued and served in accordance with the prayer of the bill. The cause was heard on motion of appellant to dissolve the injunction on bill, answer, and proofs adduced at the hearing of said motion, and the court rendered a decree, sustaining the motion and dissolving the injunction and awarding appellee damages for its wrongful issuance. From that decree the court granted an appeal to settle the principles of the cause.

Appellee sought to issue bonds of the Van Vleet consolidated school district under chapter 207, Laws of 1920 (Hemingway's Supp, sections 6662B to 6666E, inclusive), and chapter 194, Laws of 1916 (Hemingway's Code, section 4004). The Van Vleet consolidated school district was composed of territory which prior to the organization of the said district constituted four rural school districts, one of which was known as the Van Vleet school district. After the consolidation of these four districts the consolidated district was designated as the Van Vleet consolidated school district.

The question involved in this case is whether the record kept by the school trustees and the board of supervisors were required to show affirmatively that the election for

the issuance of the bonds in question was held at a place fixed by law.

Chapter 194, Laws of 1916 (Hemingway's Code, section 4004), provides that the election to be held in a consolidated school district to determine whether the bonds of such district shall issue "shall be held at the schoolhouse of said district, or, if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees of the school."

There was no schoolhouse of the Van Vleet consolidated district. There was a schoolhouse of the Van Vleet school district which district had been taken into and formed a part of the Van Vleet consolidated school district. However, at the time the election was held this schoolhouse had been burned, and the school for the Van Vleet school district was being taught in a house near by in Van Vleet, which is a village. The school trustees testified that, there being no schoolhouse in the consolidated district they fixed, as the place for the election to be held, which was a convenient place for the voters, the schoolhouse where the Van Vleet school was being taught. The resolution of the board of supervisors ordering the election among other things provided:

"It is therefore ordered by the board of supervisors of Chickasaw county . . . that an election be held at Van Vleet school district house, the same being a convenient place for holding the same, which election shall be held on March 14, 1922, to determine, etc. . . . And it is further ordered that the clerk of this board shall make and certify a copy of this order to the election commissioners of Chickasaw county who shall forthwith give proper and legal notice of the time, place and manner of holding said election."

In pursuance of said order of the appellee the election commissioners gave notice of the proposed election, reciting, among other things:

"Notice is hereby given to the qualified electors of the Van Vleet consolidated school district composed of the

following territory [describing territory] that an election will be held at the schoolhouse at Van Vleet in said district, . . . on March 14, 1922, to determine whether the bonds of said district shall be issued in the sum of five thousand dollars."

On the back of the ballots used in the election there was printed this:

"Special election held Tuesday, March 14, 1922, at the schoolhouse in Van Vleet consolidated school district," etc.

The return of the election commissioners among other things recited:

"We, the undersigned commissioners of election in and for said county, hereby certify that the following is the true and correct return of the special election held at Van Vleet Schoolhouse in Van Vleet consolidated school district on March 4, 1922," etc.

Appellee in its resolution providing for the issuance of the bonds among other things recited:

"Whereas, the said election commissioners of Chickasaw county did on the 15th day of March, 1922, report to this board the result of said election showing that the same was held on the 14th day of March, 1922, at the Van Vleet schoolhouse in the Van Vleet consolidated school district," etc.

Then the resolution proceeded to ratify and confirm the acts and doings of the election commissioners.

There were no minutes kept by the school trustees showing that there was no schoolhouse of the Van Vleet consolidated school district, and that for that reason, the building where the Van Vleet school was being taught had been selected by the trustees as a convenient place for holding the election. Nor do the orders and resolutions of appellee contain a recital of those facts. They, as well as the report of the election commissioners, simply show that the Van Vleet schoolhouse was selected as a convenient place to hold the election.

The contention of the appellant is that the place of holding an election of this character is jurisdictional, and that the action of the trustees in designating a convenient place to hold such an election, in the absence of a schoolhouse of a consolidated district, must be shown affirmatively by written minutes kept by them for that purpose. On the other hand, it is contended by the appellee that the resolution of appellee in ordering the election to be held at the Van Vleet schoolhouse, and the action of the commissioners in so holding it, are to be treated as complying with the law until the contrary is shown. In others words, that as to such action on the part of public authorities the presumption of legality is indulged. Appellant relies on *Boutwell* v. *Board of Supervisors,* 128 Miss. 337, 91 So. 12, and *Barrett* v. *Cedar Hill Consolidated School District,* 123 Miss. 370, 85 So. 125, to sustain her contention. In the Barrett case it was held that the place designated by law for holding an election of this character was mandatory, and if it was held elsewhere the election was void. In the Boutwell case the resolutions of the board of supervisors and the report of the election commissioners were both silent as to whether the election was held at the place designated by law. This court held, as in the Barrett case, that the place fixed by law for holding the election was fundamental and jurisdictional, and, further, that it was necessary that such jurisdictional facts be affirmatively shown by the resolutions of the board of supervisors. And in the latter case it was further held that it was necessary for the resolutions of the board of supervisors to show that a majority of the qualified electors of the consolidated school district, with the approval of the board of education, had petitioned for the levy by the board of the annual maintenance tax for such school. In neither of those cases was it decided that it was necessary for the action of the school trustees in selecting a convenient place to hold the election, in the absence of a schoolhouse of the consolidated district, to be shown by the minutes kept by such trustees, nor was it

decided in either of those cases that such action by the trustees must be affirmatively shown by the resolution of the board of supervisors.

It is a matter of common knowledge, of which the court will take judicial notice, that the meetings of school trustees, and especially trustees of rural schools, are informal, and minutes of their action are rarely kept, and any action taken by such trustees is simply reported to the proper authority by one of their number, either verbally or in a very informal way in writing. 35 Cyc. 906.

We are of opinion that it would be unwise and mischievous in results to hold that the validity of bond issues of this character are dependent upon the keeping of minutes of school trustees. Here we have the resolution of the appellee as well as the report of the election commissioners showing affirmatively the place selected to hold the election. It will be presumed that it was a place designated by the trustees in the absence of a schoolhouse of the consolidated district, until the contrary is shown. There is no requirement in the statute (chapter 207, Laws of 1920) that the action of the trustees be shown by the orders and resolutions of the board of supervisors.

The appellant contends further that the election was void because the Van Vleet schoolhouse had been destroyed by fire, and the election was held at another building, where the Van Vleet school was being taught, which was not the Van Vleet schoolhouse. We do not think there is any merit in this contention. The qualified electors in the Van Vleet consolidated school district, when notice was given of the holding of the election at the Van Vleet schoolhouse, knew exactly what was intended. They knew that the building in Van Vleet near by the site of the burned schoolhouse where the school was being taught was intended. Whether legally or not, it certainly was the *de facto* Van Vleet schoolhouse.

*Affirmed and remanded.*