## WILLIAMS et al. v. LEE.

[97 South. 14. No. 23332.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Superintendent or county board cannot add territory in county to consolidated district in three counties wthout acton of officials in other oounties.*

   The county superintendent or county school board could not add territory within the county to consolidated district lying in three counties without action of officials of the other counties.

2. SCHOOLS AND SCHOOL DISTRICTS. *Void attempt to consolidate subject to collateral attack.*

   An attempted consolidation, which is void, is subject to collateral attack.

On suggestion of error.  Suggestion overruled.
For former opinion, see 96 So. 401.

HOLDEN, J., delivered the opinion of the court.

It is suggested that we erred in our former opinion in this case, and several reasons are assigned why our decision is erroneous.  We desire to correct the statement in the opinion wherein we inadvertently said that the inquiry was whether the superintendent of the county or "trustees of the district," etc., when we should have said "county school board," instead of trustees.

The authorities cited by appellant are not controlling here, because, even though the districts might be consolidated, or new territory added to a district, it could not be done by the action alone of the authorities of one of the districts, or alone of the new territory, in another county, as was attempted in this case.

As to the collateral attack on the consolidated district, we answer that the attempted act of consolidation was void and subject to attack.

*Overruled.*

SMITH, C. J. I concur in the overruling of the suggestion of error and will herein set forth my reasons therefor:

In 1915 the school boards of Scott, Leake, and Rankin counties, acting in concert, created the Ludlow consolidated school district by consolidating adjacent districts lying in each of the counties, and thereafter bonds of the district were issued and an annual tax has been levied on the property in the district for consolidated school purposes. In 1921 the school board of Leake county passed an order adding to this consolidated school district territory situated wholly in Leake county. A majority of the trustees of the consolidated school district have declined to recognize the validity of this order of the Leake county school board, and have made an order that the children living in the added territory be not permitted to attend the school unless their tuition is paid.

In September, 1922, one of the trustees living in the added territory brought this suit against his fellow trustees for an injunction, restraining the trustees of the school from refusing to permit children living in the added territory to attend the school. Afterwards several of the patrons of the school were permitted to become parties complainant to the bill. On final hearing the temporary injunction was dissolved, and from the decree so doing the complainants have appealed to this court.

No question is here raised as to the validity of the acts of the school boards of Leake, Scott, and Rankin counties, by which the original Ludlow consolidated school district was created, but only as to the validity of the order of the Leake county school board adding new territory thereto. The grounds of the appellants' attack on the decree of the court below, as set forth in one of the briefs of their counsel, are in effect: (1) The order of the Leake county school board adding new territory to the Ludlow consolidated school district cannot be collaterally attacked. Consequently (2) the only question for decision is the validity of the order of the trustees that the children living

in the added territory be not permitted to attend the school unless their tuition is paid. (3) The order of the Leake county school board adding the new territory to the district is valid.

The validity of the order of the trustees excluding the children of the added territory from the school depends on the validity of the order of the Leake county school board adding the territory to the district. An order of a school board made within the limits of its jurisdiction cannot be collaterally attacked. *Dye* v. *Mayor, etc.,* 119 Miss. 359, 80 So. 761; *Liddell* v. *Noxapater,* 129 Miss. 513, 92 So. 631. But where such a board has no jurisdiction of the subject-matter of an order made by it, or, if having jurisdiction of the subject-matter, makes an order in excess of its jurisdiction, the order is void, and can be attacked collaterally. This is the rule uniformly followed by this court as to judgments and decrees of courts, and was recognized in *Liddell* v. *Noxapater, supra,* wherein it was said: "The court is only concerned with the question as to whether the board had proper jurisdiction of the matter before it."

Moreover, as will hereinafter be made to appear, the order of the Leake county school board could not make the territory described therein a part of the district, unless concurred in by the school boards of Scott and Rankin counties. The power of school boards to consolidate school districts is not expressly conferred by any statute, and results from the power conferred upon them to create such districts originally. *Trustees of Walton School* v. *Covington County,* 115 Miss. 117, 75 So. 833. So that any power the school boards of adjacent counties have to consolidate adjacent school districts lying in each of the counties results from the power conferred upon them by section 4514, Code of 1906, as amended by chapter 184, Laws of 1916 (Hemingway's Code, section 7334). Under this statute it takes the concurrent action of all of the school boards of the adjacent counties to create a line school district, and consequently it will take the concurrent action

of all of the school boards of adjacent counties to consolidate school districts, one or more of which is in one only of such counties. The power to add territory to an existing school district results from the power to create the district originally, and since districts lying in adjacent counties can be consolidated only by the concurrent action of the school boards of the several counties in which the districts are situated, it necessarily follows that territory cannot be added to such a district after it has been created, except by the concurrent action of the school boards of all of the counties in which the original district is situated.

The appellants' contention that the Leake county school board had the power to add the territory to the district with the consent of the school boards of Scott and Rankin counties is based on manifest clerical error in section 4514, Code of 1906, as amended by chapter 184, Laws of 1916 (Hemingway's Code, section 7334), which provides that:

"Adjacent parts of counties may by the county school board be embraced in a line school district, the superintendent previously consenting thereto, and reporting to the board of the territory to be so included. Trustees of such districts may reside in either county. The teacher may be licensed in either county, but the superintendent must previously agree upon the amount of salary to be paid and each must contract with the teacher for the proportionate part of the salary, and shall require teachers monthly to report to him to show the statistics of the whole school and also separately of his county."

The error in the statute is that the school boards and the superintendents are referred to in the singular, when the plural was clearly intended. The statute provides for the creation of a school district composed of parts of counties, and requires the consent of the superintendent thereto to be reported "to the board of the territory to be so included." As the territory to be included lies in more than one county, it necessarily follows that, although the

singular number is used, the report must be made to the boards of each of the counties in which any part of the territory to be included is situated, the purpose of which can only be that each board may then give or withhold its consent to the formation of the district. The statute provides that "the superintendent must previously agree upon the amount of salary to be paid" to the teacher of the school, and since it requires more than one for an agreement, the intention clearly is that the superintendents of all the counties shall agree on the salary of the teacher. That this is the legislative intent is made clear by the further provision "that each," referring to the superintendents, "must contract with the teacher for the proportionate part of the salary."

The scheme which the statute provides is unworkable, and would bring confusion into the creation and maintenance of county line schools, unless the power to create and maintain them must be exercised jointly by the school boards of all of the counties interested. To construe the statute otherwise would reduce it to an absurdity. "Where it is manifest upon the face of an act that an error has been made in the use of words, the court may correct the error and read the statute as corrected, in order to give effect to the obvious intention of the legislature." 26 A. & E. Ency. of Law (2 Ed.) 655. In order to carry out the manifest legislative intent words may be excluded. *Bobo v. Board of Levee Commissioners,* 92 Miss. 792, 46 So. 819; *State v. L. & N. R. Co.,* 97 Miss. 35, 51 So. 918, 53 So. 454, Ann. Cas. 1912C, 1150. Omitted words may be included. *Earhart v. State,* 67 Miss. 325, 7 So. 347. One word may be substituted for another. *Rawles v. State,* 103 Miss. 806, 60 So. 782. And "words importing the singular will be applied to the plural of persons and things." 36 Cyc. 1123. The statute, therefore, should be construed as if it read:

"Adjacent parts of counties may by the county school boards be embraced in a line school district, the superintendents previously consenting thereto, and reporting to the boards of the territory to be so included. Trustees of

such districts may reside in either county. The teacher may be licensed in either county, but the superintendents must previously agree upon the amount of salary to be paid and each must contract with the teacher for the proportionate part of the salary, and shall require teachers monthly to report to him to show the statistics of the whole school and also separately of his county."

The case of *Boutwell* v. *Board of Supervisors*, 128 Miss. 337, 91 So. 12, has no application here, for the reason that the board which there added to territory of an existing district was the board which created the district, and also probably for the reason that the new territory was added before the district began to function as such. Moreover, the power of the board to add the territory to the district was not there questioned.

As hereinbefore stated, the bonds of the Ludlow consolidated school district have been issued on the petition of the electors thereof. This fact may modify whatever power the school boards of the three counties would otherwise have to add new territory to the district, but I have left that fact out of view in arriving at my conclusion, as also chapter 198, Laws of 1922, which provides how territory may now be added to a consolidated school district.