BRANNAN *et al.* v. BOARD OF SUP'RS OF DE SOTO COUNTY.*

[106 So. 768. No. 25167.]

(Division B. Jan. 11, 1926. Suggestion of Error Overruled Feb. 8, 1926.)

1. SCHOOLS AND SCHOOL DISTRICTS. *Objectors to annexation sufficiently shown interested taxpayers, entitled to appeal, by uncontroverted recital in caption of objections.*

Bill of exceptions to county board's order, effecting annexation of territory to school district, by setting out objections, filed with board, to annexation, with caption reciting that objectors were taxpayers of such territory, a statement of fact, sufficiently showed their interest to allow them to appeal, under Code 1906, section 80 (Hemingway's Code, section 60), as persons aggrieved by the order; it not having been incumbent on them to prove the stated fact, the board not having controverted it.

2. SCHOOLS AND SCHOOL DISTRICTS. *Order of annexation must recite petition signed by majority of patrons residing in territory.*

That petition for annexation of adjoining territory to consolidated school district was signed by majority of school patrons "residing" within such territory, by Laws 1922, chapter 198, section 1, made condition precedent to right to annex it, is a jurisdictional fact, which must appear in school board's order of annexation, and recital that it was signed by majority of patrons is not enough.

---

*Corpus Juris-Cyc. References; Evidence, 23 C. J., p. 161, n. 79, New; Schools and School Districts, 35 Cyc., pp. 835, n. 95; 850, n. 94.

APPEAL from circuit court of De Soto county.

HON. GREEK L. RICE, Judge.

Appeal to the circuit court by O. F. Brannan and others from an order of the board of supervisors of De Soto county consolidating school districts. The order was affirmed by the circuit court, and Brannan and others appeal. Reversed and judgment rendered.

*Holmes & Bowdre,* for appellants.

I.   The election held on May 31, 1924, is void and neither the lands embraced in the Poplar Corner school district nor the two and one-half sections of land embraced in the Brewer school district are legally annexed to the Horn Lake consolidated school district, because the order of the school board, of date May 31, 1924, which was certified to the board of supervisors, does not state or show that a majority of the school patrons of the territory to be added, which was described in the said order, presented a petition to said school board, as required by chapter 198, Laws of 1922. Prior to chapter 198, Laws of 1922, territory could not be added to an existing consolidated school district. *Williams* v. *Lee,* 132 Miss. 739. *The order of the board of supervisors does not state that the board finds that a petition was presented to the school board signed by a majority of the school patrons of the territory to be added.* Neither does the order to the school board recite that a majority of the school *patrons residing in the territory* to be added presented a petition for the annexation of said territory. The order of the school board simply recites that they have acted upon a petition of a majority of the patrons of the Poplar Corner school district, but the territory described as the Poplar Corner school district embraces two and one-half sections of land in the Brewer school district.

Their jurisdiction to act is obtained by a petition presented by a majority of the school patrons of the territory to be added and this must affirmatively appear in each of their said orders. Chapter 198, Laws of 1922; *Williams*

v. *Lee,* 137 Miss. 746. Judgments of courts of limited jurisdiction must show on their fact the courts' jurisdiction to act. This matter is fully discussed in 23 Cyc. 1082. See, also, *Steen* v. *Steen,* 25 Miss. 513; *Shaffarans* v. *Terry,* 12 S. & M. 690; *Hinton* v. *Perry,* 84 Miss. 546; *Boutwell* v. *Board of Supervisors,* 128 Miss. 343. The order of the school board must show affirmatively their jurisdiction. *Boutwell* v. *Jasper,* 128 Miss. 344. See, also, *Barrett* v. *School District,* 123 Miss. 378.

The statute provides that a petition must be presented to the school board by a majority of the patrons residing within the territory to be added. In this case there was a petition presented by a majority of the patrons of the Poplar Corner school district *only,* and the patrons of the Brewer school district were wholly ignored. Therefore, the school board did not have jurisdiction of the subject matter of an order made by it. See *Liddell* v. *Noxapater,* 129 Miss. 513; *Williams* v. *Lee,* 132 Miss. 501. The case of *Adams* v. *Bank,* 103 Miss. 744, fully discusses the jurisdiction of the board of supervisors in the exercise of a statutory power. The principle involved in this case is no different from that involved in *Wallace* v. *Tucker,* 104 Miss. 83; *Craft* v. *DeSoto County,* 79 Miss. 618; *Lumber Co.* v. *Jefferson Davis County,* 133 Miss. 235.

Therefore, under the authority of the statute and the decisions of the supreme court of Mississippi, territory cannot be added to an existing consolidated school district, where the school board and the board of supervisors did not acquire jurisdiction of the subject matter by a proper petition signed by a majority of the school patrons residing within the territory to be added, and said school board and board of supervisors must set out affirmatively in their order facts which show their jurisdiction of the subject matter.

*Burch, Minor & McKay,* for appellee.

I. Authorities need not be cited for the proposition that no one may complain of any action of the board of

supervisors unless it appears affirmatively that they were affected by it or had an interest in the subject-matter. *Coleman* v. *Carr,* Walker 258; *DeJanette* v. *Haynes,* 23 Miss. 600; *Natchez R. Co.* v. *Crawford,* 99 Miss. 718.

*The record here is entirely lacking in proof that these objecting parties were residents or taxpayers of the district in controversy.* If a bill in equity is filed, no one would contend that a mere statement in the caption or body of the bill is any evidence whatever of that statement. Particularly is this true where the pleading in question is not signed or sworn to by the parties, but is merely signed by the counsel.

*Complainants never offered to show that they were taxpayers or residents of the district.* *Greenwood* v. *Henderson,* 84 Miss. 804. The case must be decided upon the bill of exceptions and that alone and "it is not in the power of the board of supervisors to consent to any other mode of trial" in the circuit court. *Bridges* v. *Supervisors,* 57 Miss. 255.

II.  *Validity of board's orders.* The ground of objection is that the order of the school board failed to recite such a petition as the statute requires. For the law governing the subject of annexation, see chapter 198, Acts of 1922.

It is claimed that such a petition is jurisdictional; that the school board and board of supervisors are courts of special and limited jurisdiction and that their orders are void for failure to recite jurisdictional facts. In the first place, it may be doubted whether such a petition is a jurisdictional fact. In *Hunt* v. *Mann,* 136 Miss. 590, it was contended that the election was void because the successful candidate's name was not put on the ballot pursuant to a petition signed by fifty electors. The court held, however, that, conceding such a petition to be required by the statute, its absence would not afford ground for setting aside the election. But we are not compelled to rely upon that proposition. The rule as to the neces-

sity of recitation of jurisdictional facts in orders of boards like these has its qualifications. See *Rogers* v. *Board,* 115 Miss. 331.

The court will observe that *there is no averment or offer to prove that the petition presented to the school board and referred to in its order was not actually signed by a majority of the school patrons residing in the territory to be annexed.* The objection is purely a technical one that such a petition is not recited in the order. Bearing this in mind, it seems clear that the annexation in question is not void because of the failure to recite, in the order of the school board, the petition of patrons. *The existence of such a petition is the important question. North Carrolton* v. *Carrolton,* 113 Miss. 21.

Aside from all the foregoing, these appellants cannot complain of the absence of a petition for the reason that their appeal from the action of the board comes too late. *Ferguson* v. *Board,* 14 So. 82.

Argued orally by *H. D. Minor,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellants appealed to the circuit court of De Soto county from an order of the board of supervisors (appellee) of that county, effecting the annexation of adjoining territory to the Horn Lake consolidated school district in said county. The appeal was taken under section 80, Code of 1906 (Hemingway's Code, section 60), which provides for an appeal for any person aggrieved by a judgment or decision of the board of supervisors, or the municipal authorities of a city, town, or village. The record in the case is therefore a bill of exceptions setting out the proceedings before appellee. The following is deemed a sufficient statement of the case to bring out the questions involved:

The bill of exceptions taken by appellants to the action of appellee has the following caption:

"Bill of exceptions of Brannan, Mr. Moreton, J. F. Lively, Mrs. C. T. Knight, and other taxpayers of said Poplar Corner school district, too numerous to mention."

Following the caption is a recital that the objections of appellants were presented to appellee at the latter's July meeting, 1924. Then follows a copy of appellants' objections, the caption to which recites that appellants were taxpayers of Poplar Corner school district, the territory sought to be annexed to the Horn Lake consolidated school district. Then follows in the bill of exceptions a copy of the order of the school board annexing to the Horn Lake consolidated school district certain territory specifically described in the order as constituting the Poplar Corner school district. Among other things, this order recites that a petition of the patrons of the Poplar Corner white school district to annex the territory of said district to the Horn Lake consolidated school district came on for hearing, and was examined by appellee, "and found that a majority of the patrons of the said school have signed said petition." There is an absence in the bill of exceptions of any recital that appellants introduced evidence, or offered to introduce evidence, that they would be taxed or otherwise affected by the consolidated of the two districts. The only evidence, if that be evidence, of appellants' being aggrieved by the consolidation, is the recital in the caption of the bill of exceptions and in the caption of appellants' objections to the consolidation made a part of the bill of exceptions, that appellants were taxpayers of the poplar Corner school district.

At the threshold of the consideration of the case, appellee raises the question of appellants' interest in the litigation. Appellee's position is that appellants failed to show, in fact did not offer evidence to show, that they were interested taxpayers, whose interest would be affected by the consolidation of the two school districts; that, having shown no interest, they are therefore strangers to the litigation, and have no right to complain at the order of appellee adding the territory of the

Poplar Corner school district to that of the Horn Lake consolidated school district. Authorities are cited by appellee to sustain that proposition. The principle of law relied on is well established. The courts will not entertain the contentions of a litigant who has no interest in the result of the suit. The question is whether the bill of exceptions in this case sufficiently shows that appellants are interested in the questions involved. We think the record in the case does so show. It is recited in the bill of exceptions that appellants, naming them, were taxpayers of the Poplar Corner school district. It is true that this recital is in the caption of the bill of exceptions; nevertheless it is a statement of fact. We are of opinion that, unless controverted, it did not devolve upon appellants to prove that they were interested taxpayers. It was no more incumbent on appellants to prove that fact than it was to prove the genuineness of their names. Taking the bill of exceptions as a whole, we think it can mean nothing less than that appellants were considered by appellee as taxpayers of the territory sought to be added to the Horn Lake consolidated school district.

The statute under which this appeal was taken is section 80 of the Code of 1906 (Hemingway's Code, section 60). The statute is very broad as to persons who are entitled to appeal from judgments and decisions of boards of supervisors and municipal authorities. It provides that "any person aggrieved" by such judgment, etc., shall have the right of appeal. Construing this statute, it was held in *Wilson* v. *Wallace,* 64 Miss. 13, 8 So. 128, that any taxpayer may appeal from a decision of the board of supervisors allowing a claim against the county; and, in *Ferguson* v. *Monroe County,* 71 Miss. 524, 14 So. 81, it was held that the statute authorized an appeal by any qualified elector and taxpayer from a decision of the board of supervisors ordering an election to determine the question of whether intoxicating liquor should be sold in the county. These cases are referred to as showing that the court has given the phrase in the statute, "any person aggrieved," a liberal construction in favor

of the person taking the appeal. Appellants, in their written objections filed with appellee, stated that they were interested as taxpayers. Appellee did not see fit to take issue by formal pleading with any averment of fact set out in the objections. Although that was not required, still, if appellee intended to make the issue that appellants were without interest, that purpose should have been called to the attention of appellants, either by a pleading to that effect or otherwise.

Appellee also contends that appellants are not entitled to be heard because their appeal to the circuit court was taken out of time. We think this contention is without merit.

Appellants contend that the order of appellee making the consolidation of the two school districts is void, because neither the order of the school board nor of appellee recited that the petition asking for the consolidation was signed by a majority of the school patrons *residing* within the territory to be added. The consolidation was sought to be made under chapter 198 of the Laws of 1922. Section 1 of that act provides, in substance, that any territory not a part of a consoldiated school district may be added to such district by the school board, "upon petition being presented to it by a majority of the school patrons residing within the territory to be added," and that the school board shall enter an order on its minutes making such territory a part of the consolidated school district, whenever the territory has complied with other provisions of the statute, and that the school board shall certify such action to the board of supervisors of the county; that thereupon the board of supervisors shall order an election in the added territory, etc. It will be noted that the petition to the school board must be presented by a majority of the school patrons *residing* within the territory to be added.

The order of the school board does not recite that the petition was signed by a majority of the school patrons *residing* within the territory to be added. The recital of the order is that "a majority of the patrons of the said

school has signed said petition," without stating where such patrons resided.

Appellee, in acting on the order of the school board, certified to it under the statute in ordering the election, made no reference as to whether the petition to the school board had been signed by a majority of the school patrons residing in the district to be added. Appellants argue that such a recital in the order of the school board is jurisdictional, and, not having been made, the action of the school board and of the board of supervisors in making the consolidation was void. *Boutwell* v. *Board of Supervisors*, 128 Miss. 337, 91 So. 12, we think, is decisive of this question in favor of appellants' contention. It was held in that case that the maintenance tax authorized for a consolidated school district by chapter 170, Laws of 1920 (Hemingway's Code Supp., section 4002), which provides for its levy on the petition of a majority of the qualified electors of the school district upon the approval of the board of education, could not be levied, unless the statute had been complied with, and that the requirement of the statute that a majority of the qualified electors shall petition for the levy of such tax, and that such levy shall have the approval of the board of education before the board of supervisors shall make the levy was jurisdictional, and that a levy made without compliance with the statute was void, and that a compliance with the statute had to affirmatively appear on the minutes of the board of education as well as on the minutes of the board of supervisors, that the statute in that case made it a condition precedent to the levy of the maintenance tax that a petition of the majority of the qualified electors of the district ask for it. The statute here under consideration in equally explicit language conditions the right of the board of education to add other territory to a consolidated school district upon a petition of a majority of the patrons of the school *residing* in the added territory. The order of consolidation by the school board recites that the petitioners were school patrons of the territory to be added, but this falls

short of a finding that they were school patrons of the added territory *residing* therein. It is a matter of common knowledge that school patrons may, and often do, reside in one school district and patronize a school in another school district, and this is permitted by law. The fact adjudicated by the school board was that the signers of the petition were school patrons of the added territory, but there was no adjudication by the school board that the other fundamental fact existed; namely, that they resided within the added territory.

It follows from these views that the action of appellee in attempting to make the consolidation of the two school districts is void.

Reversed, and judgment here for appellants.

*Reversed.*