BRANTLEY *v.* BOARD OF SUPERVISORS.[*]

(Division B. Dec. 3, 1928.)

[119 So. 185. No. 27509.]

---

[*]Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 991, n. 88.

*Logan & Barbee,* for appellant.

Argued orally by *R. F. B. Logan,* for appellant, and *Paul Bowdre,* for appellee.

PACK, J. This appeal involves the legality of an election on a bond issue in the Lake Cormorant consolidated school district. A new school building had been erected, but was destroyed by fire after it had been occupied for only a few months. It was partially covered by insurance. The term of school then being conducted was resumed and finished in an old school. building near by, formerly owned and used as the schoolhouse of the district. The school board changed the location of the school to a different site, the trustees of the district exchanging the old site for the new. With the insurance money, the erection of another school building on the new site was begun. As additional funds for the completion of the schoolhouse were needed, a bond issue of fifteen thousand dollars was submitted to a vote of the qualified electors of the district. At the time of the election, school was still being conducted in the old schoolhouse, and the people generally knew this to be a fact. The title to the old schoolhouse was in private individuals, who permitted it to be used free of rent.

The election on the bond issue was ordered to be held, and was held, at the private office of Dr. A. V. Richmond, in the town of Lake Cormorant. A majority voted for the issuance of the bonds, but upon certifying the election returns to the board the appellant appeared and protested against the issuance of the bonds, on the ground

mainly that the election was not held at the schoolhouse then being used. The board decided against him, and an appeal was taken on bill of exceptions to the circuit court, which affirmed the order of the board of supervisors. From this judgment, the appeal comes here.

Should the election have been held at the schoolhouse then being used as such? Section 8741, Hemingway's 1927 Code (Laws 1924, chapter 283), provides: "In any case where it becomes necessary to hold an election affecting any question submitted to the qualified electors in any consolidated school district in this state, said election shall be held at the schoolhouse of said district, or, if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees of the school except in case of a line consolidated school in the issuance of bonds. The commissioners holding such election shall have power and authority to use the poll books of such county or counties containing the names of the qualified electors who reside in said school district. Notice of such election and the place designated for holding same shall be given as provided in this act."

This statute has been construed by this court in *Barrett et al.* v. *Cedar Hill Consolidated School,* 123 Miss. 370, 85 So. 125, followed by *Edwards* v. *Bolivar County,* 124 Miss. 165, 87 So. 8, *Boutwell* v. *Jasper County,* 128 Miss. 337, 91 So. 12, *Board of Sup'rs of Stone County* v. *O'Neal,* 130 Miss. 57, 93 So. 483, and *Carter* v. *Board of Supervisors,* 131 Miss. 127, 95 So. 306. In all these cases, it was held that an election held under this statute, at a place other than the schoolhouse, was void.

It is earnestly contended, however, that there was no schoolhouse in the district at the time of the election; that the work on the building under construction was not sufficiently advanced for the election to be held there; and that the schoolhouse then in use was merely improvised for temporary use and could not be considered the schoolhouse, as contemplated by the statute. In the *Car-*

*ter case, supra,* the legality of an election was challenged, because the election was held at another building, where school was being temporarily conducted; the schoolhouse of the district having been destroyed by fire. The election was upheld, the court saying in part: "Whether legally or not, it certainly was the *de facto* Van Vleet schoolhouse." The underlying reason for holding the election at the schoolhouse, a public place, is that the voter will be more inclined to attend the polls, exercise his choice, and use his influence for or against the measure, with more freedom and less restraint, than at a private place. *Barrett et al.* v. *Cedar Hill Consolidated School District, supra.* The building was the only schoolhouse then in use in the Lake Cormorant district, and it was generally known in the community as the schoolhouse. Because the election was not held there, we think the statute was violated, rendering the election void.

The judgment of the court below will be reversed and remanded.

*Reversed and remanded.*