CHILDS *et al. v.* BOARD OF SUP'RS OF WEBSTER COUNTY.

(Division B.   May 19, 1930.)

[128 So. 338.   No. 28696.]

**S. C. Mims, Jr.,** of Grenada, for appellants.

**McKeigney & Latham,** of Eupora, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The school board of Webster county, in May, 1929, attempted to create the Spring Hill consolidated school

district. In the same month the board of supervisors entered an order reciting that a petition of the majority of the electors of the Spring Hill school district had been presented petitioning for a special levy of ten mills on taxable property for the Spring Hill school district, and declared its intention to make such levy at the proper time. At the November term of that year, it entered an order imposing a special levy of ten mills on all of the taxable property in the Spring Hill consolidated school district.

On the 23d day of November of the same year, the appellants filed a bill in the chancery court of Webster county challenging the validity of the formation of the Spring Hill consolidated school district, and the legality of the tax levied by the board of supervisors upon such district. The tax collector answered the bill and denied the allegations and pleaded that the legislature, at the Extraordinary Session of 1928 (chapter 43), passed an act validating the formation of school districts, which statute became effective the 23d day of November, 1928. The chancery court heard the matter in April, 1929, on bill, answer, motion, and proof, and overruled a motion to dissolve the injunction and made it perpetual. This judgment was not appealed from.

In 1929, after this judgment of the chancery court, a tax levy of four mills was made upon the Spring Hill consolidated school district. The appellants appeared and objected to the assessment, and, their objection not being effective, they appealed from the order of the board making the levy to the circuit court. In the circuit court the validating statutes of 1928 and 1929 were pleaded; the jury being waived, the circuit judge heard the case and found for the board of supervisors, affirming the order making the levy. It appears that the bill for injunction was filed on the same day that the validating act of 1928, chapter 43 of the Extraordinary Session, became effective. The concluding paragraph of this chapter provides: ''Provided, that where the legality of the

formation of any such district is now being contested by court proceedings the provisions of this act shall not apply to such district, in so far as such pending contest is concerned." As the law knows no fraction of a day and the bill was filed on the same day the validating act became effective, it would not apply to this controversy, as the injunction contesting the legality of the formation of the district and the levying of the tax was in litigation.

The court having heard and determined this litigation against the validity of the proceedings, it is established that the proceedings were illegal and void. This being true, the subsequent validating act did not affect this question, and consequently the district, in conforming to the requirements of the law by the recital of the judicial facts, was void, and no tax levy could be made without a new proceeding re-creating the district in conformity to the law. See Board of Supervisors v. Brown, 146 Miss. 56, 111 So. 831; Yeager v. Merritt, 153 Miss. 64, 120 So. 832; Brannan v. Board, 141 Miss. 444, 106 So. 768; King v. Board, 133 Miss. 494, 97 So. 811.

It follows that the judgment of the court below must be reversed and judgment rendered here in favor of the appellants.

Reversed and rendered.