CLANTON et al. v. BOARD OF SUP'RS OF WEBSTER COUNTY.

(Division B. Jan. 2, 1933. Suggestion of Error Overruled Jan. 16, 1933.)

[145 So. 108. No. 30318.]

S. C. Mims, Jr., of Grenada, for appellants.

McKeigney & Latham, of Eupora, for appellee.

Ethridge, P. J., delivered the opinion of the court.

In May, 1928, the school board of Webster county undertook to organize the Spring Hill consolidated school district, and the board of supervisors of Webster county,

acting under the assumption that the district was valid, issued bonds of the district in the sum of ten thousand dollars, which bonds were sold to a bank in the county. The district attempted to be created was held to be void in Childs v. Board of Supervisors of Webster County, 157 Miss. 495, 128 So. 338.

On July 5, 1930, the school board of Webster county entered an order creating the Spring Hill consolidated school district, after which said board levied a four-mill ad valorem tax on the property for the maintenance of said school, and a tax of seven mills for the payment of the bonds issued in 1928, as above stated.

The appellant, W. H. Clanton, and others appeared and objected to the creation of the consolidated school district, and protested against the taxes for the payment of the bonds issued. The proof showed that the tax levied for the payment of the bonds were not for the bonds issued for the last school district ordered, but was for the payment of the bonds theretofore sold to the local bank.

The circuit judge, on appeal from the board of supervisors to him, held that the four-mill levy was valid, and that the school district created in 1930 was valid, but that as to the bonds issued in 1928, the board was without authority and the bonds were void. The appellants appealed from the decision holding that the four-mill levy was valid. There was no appeal from the order disallowing the seven-mill levy for payment of the bonds.

Section 6584, Code of 1930, gives county school boards full jurisdiction at any regular meeting, or at a special meeting called for that purpose, to create, alter, or abolish any common school district of the county, or to consolidate two or more districts, or parts of districts, into a consolidated school district, or abolish a special consolidated school district; to alter, create, or abolish a rural separate school district, "and with the consent of

the trustees of a municipal separate school district, may add thereto any part of a county adjoining such municipal separate school district,'' etc. In paragraph (b) of this statute it is provided that: ''Whenever a majority of the qualified electors of a proposed consolidated school district, . . . or rural separate school district shall file a petition with the president of the county school board describing the territory to be embraced in such school district and requesting that it be created into one district, then it shall be the duty of the school board to create such district and to determine and describe the boundaries thereof and to name the sections and parts of sections composing such district and to designate the location for a school building. When a school district is created under this provision, then it shall not be necessary for the board to publish its order creating same, and the order shall become final from and after its passage.'' Paragraph (f) of this statute provides as follows: ''The majorities required in paragraphs (b), (c), (d) and (e) shall be verified by the county school board before issuing its final order.''

It is contended that the minutes of the board do not show a verification of the things recited in the petition under paragraph (b) above quoted. The order of the school board recites that ''the petition of T. A. Kimbrell, et al., praying that the territory described in the said petition be created into a consolidated school district to be known by the name of Spring Hill Consolidated School District'' having been filed with W. E. Williams, president of the county school board of Webster County, signed by a majority of the qualified electors residing in said proposed consolidated school district, and praying that the sections and parts of sections composing the Cadaretta school district, the Embry school district, and the Spring Hill School district of Webster County be created into a consolidated school district.'' The order then proceeds to set out that the meeting was held,

and describes the territory embraced in said district, and the proof of publication, and then proceeds as follows: "The county school board finds and adjudges that the call for said special meeting is sufficient in form, in fact, and in law; and that it was duly and legally published for more than two consecutive weeks as required by law," and then recites that the petition of T. A. Kimbrell and others came on to be heard, and that as it fully appeared to the board that a majority of the qualified electors had signed the petition, the prayer of said petition was granted, and the territory embraced and included in the said petition "is hereby created into one district and consolidated and shall be known by the name of Spring Hill Consolidated School."

It is urged in the appellant's brief that these recitals do not conform to the requirements of law as to school boards, but that the school board should have recited in its order that it had proceeded to examine the books of the county to determine therefrom whether the petitioners were qualified electors residing within said territory.

We think the recitals in the order of the school board are sufficient to show a verification. What the statute means is that the board not merely accept the recitals of the petition as being true without evidence or examination in some manner to determine whether or not the signers are, in fact, qualified electors, but to receive evidence, or make some investigation of its own, to prove or verify the facts stated in the petition.

It is not necessary, however, that the board set out in detail how it arrived at its finding, or to set forth the evidence upon which its findings are based.

We are of the opinion that the board sufficiently recited its jurisdiction to sustain its order, and that the circuit judge was correct in holding the school district of 1930 valid.

The judgment, therefore, will be affirmed.

Affirmed.